## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Roseanna A. Sias, | ) | |
| Eileen L. McMenamin, | ) | |
| Basilia Tsikentzoglou, | ) | |
| Paul Testa, and | ) | |
| John C. Wong, | ) | |
|        Plaintiffs, | ) | |
|          *v.* | ) | |
| | ) | |
| NEW JERSEY SECRETARY OF STATE | ) | Civil Action No. _ |
| Tahesha Way, in her official capacity as Lt. | ) | |
| Governor and Secretary of State the State of | ) | |
| New Jersey; | ) | |
| | ) | |
| NEW JERSEY DIVISION OF ELECTIONS; | ) | |
| Donna Barber, in her official capacity as | ) | |
| Acting Director for the New Jersey Division | ) | |
| of Elections, | ) | |
| | ) | |
|        *Defendants.* | ) | |

## <u>VERIFIED COMPLAINT</u>

Plaintiffs Pro Se Roseanna A. Sias, Eileen L. McMenamin, Basilia Tsikentzoglou, Paul Testa, and John C. Wong, file their verified complaint respectfully requesting entry of a declaratory judgment and other relief pursuant to 42 U.S.C. § 1983 against Defendants New Jersey Secretary of State Tahesha Way in her official capacity as Lt. Governor and Secretary of State ("NJSOS"), the New Jersey Division of Elections ("NJDOE"), and its Acting Director Donna Barber in her official capacities at the NJDOE, and in support state as follows.

**Nature of the Case**

1.      This is an action seeking relief through 42 U.S.C. § 1983 for violations of Plaintiffs' First and Fourteenth Amendment rights by the Defendants, all of whom are state actors that have unlawfully removed from the November 5, 2024 general election ballot Plaintiffs and nine (9) other independent presidential elector candidates (hereinafter collectively known as "Elector Candidates") who filed Nomination Papers to be Electors of the President and Vice President of the United States for pledged independent candidate for President Dr. Shiva Ayyadurai, who is a resident and voter in the State of Massachusetts, and pledged independent Vice-President candidate, Crystal Ellis, who is a resident and voter in the State of Nebraska (together "Pledged Candidates" or "Dr.SHIVA"), to be voted upon at the November 5, 2024 general election.

2.      The Defendants accepted and commenced proceedings through a defective objector's petition that challenges the validity of the Nomination Papers; however, as will be explained *infra*, Defendants lack statutory authority that confers subject matter jurisdiction over the Nomination Papers and lack personal jurisdiction over Plaintiffs and Elector Candidates as well, since they were neither named as Respondent parties in the NJDOE proceeding nor were they served with a proper objector's petition that fully stated the nature of an objection against Plaintiffs and the 9 other New Jersey residents that sought ballot access as Elector Candidates.

3.      Plaintiffs respectfully request a declaratory judgment regarding the jurisdiction of the Defendants to take action in relation to Plaintiffs Nomination Papers, and preliminary and permanent injunction orders against the Defendants to: (a) nullify the Defendant NJSOS' *Final Decision* on the objector's petition, and (b)

enjoin Defendants from removing Plaintiffs and the 9 other independent Elector Candidates from the November 5, 2024 ballot through the *Final Decision* rendered by the NJSOS based on proceedings held at the New Jersey Office of Administrative Law ("OAL") and recommendations made by the OAL to the NJSOS ("NJDOE proceeding") based on a defective objector's petition captioned *New Jersey State Democratic Party v. Shiva Ayyadurai,* STE 10482-24 ("Objectors' Petition")

## Parties

4.     Plaintiff Pro Se Roseanna A. Sias is a New Jersey resident and voter residing in New Jersey, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec. 1.

5.     Plaintiff Pro Se Eileen L. McMenamin is a New Jersey resident and voter residing in New Jersey, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec. 1.

6.     Plaintiff Pro Se Basilia Tsikentzoglou is a New Jersey resident and voter residing in New Jersey, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec. 1.

7.     Plaintiff Pro Se Paul Testa is a New Jersey resident and voter residing in New Jersey, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec. 1.

8.      Plaintiff Pro Se John C. Wong is a New Jersey resident and voter residing in New Jersey, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec. 1.

9.      Plaintiffs aforementioned in (4-8) and 9 other independent Electors have pledged their Electoral College votes to Dr. Shiva Ayyadurai for President and Crystal Ellis for Vice President should Plaintiffs and the 9 other Elector candidates be elected by New Jersey voters at the general election on November 5, 2024.

10.      Plaintiffs are five of the 14 independent candidates for the federal office of "Elector for President and Vice President of the United States" (herein "14 Elector Candidates") and in addition, Plaintiffs were circulators of voter-signed petition sheets gathered for the purpose of gaining ballot access for the following slate of New Jersey residents as Elector candidates at the November 5, 2024 general election:

**List of New Jersey Residents Who Are Candidates for Office of Electors of President and Vice President of the United States pledged to Dr.SHIVA**

2024 GENERAL ELECTION - ELECTORS OF PRESIDENT & VICE PRESIDENT

Please Print or Type Names and Addresses of ALL Electors

| | Name | Residence Address | City | Email Address |
|---|---|---|---|---|
| 1 | Roseanna A Sias | 1239 Whitaker Ave | Millville | staff@hasjschool.org |
| 2 | Dennis E Sias | 1239 Whitaker Ave | Millville | bigd@hasjschool.org |
| 3 | John C Wong | 158 Wayne St | Jersey City | johnwong2006@gmail.com |
| 4 | Eileen L McMenamin | 211-A So. 10th Ave | Highland Park | eileenmc53@gmail.com |
| 5 | Basilia Tsikentzoglou | 276 4th Street | Jersey City | basiliat@yahoo.com |
| 6 | Paul Testa | 649 Windsor Ave | Maple Shade | paul.testa@yahoo.com |
| 7 | Jessica A Coco | 320 Jackson St. Apt 194 | Hoboken | jessicacoco5000@yahoo.com |
| 8 | David B Hungerford | 10 Crestmont Blvd | Montclair | db.hungerford@gmail.com |
| 9 | Constance Nagle | 7 Pine Tree Lane | Morris Twsp | nightsky950@verizon.net |
| 10 | Janet M Lupo | 7 Dartmouth Way | North Brunswick Twsp | jlang2324@optonline.net |
| 11 | Thelma Cerone-O'Brien | 1253 Kay Drive East | Cherry Hill | beachblock123@gmail.com |
| 12 | Cynthia A Cunha | 44 Moreau Ave | Freehold Twsp | zcunha07728@yahoo.com |
| 13 | May N Chambers | 64 Haddon Ave | Gibbsboro Borough | I-sell-homes@msn.com |
| 14 | Christina R Vassallo | 4190 Marlyn Ave | Newfield | christinavassallo77@gmail.com |

EACH elector must sign an Oath of Allegiance, Affirmation of Allegiance or Declaration of Allegiance and a Certificate of Acceptance (separate sheets provided).

11.     Each of the foregoing 14 Elector Candidates is equally subjected to the same denial of First and Fourteenth Amendment rights by the Defendants, and to the same degree as Defendants are denying these rights to Plaintiffs; the harm suffered by Plaintiffs is being suffered equally by all 14 Elector candidates.

10.     Defendant, New Jersey Secretary of State (hereinafter, "NJSOS") Tahesha Way, Lt. Governor and Secretary of State the State of New Jersey is named in her official capacity. Defendant maintains an office in the State of New Jersey.

12.     Defendant, New Jersey Division of Elections (hereinafter, "NJDOE"), is a statutorily-created state agency that has duties defined in the New Jersey Election Code. Defendants maintains an office in the State of New Jersey.

11.     Defendant, Donna Brooks, Acting Director of the NJDOE is named in her official capacity. Defendant maintains an office in the State of New Jersey.

12.     By operation of the New Jersey Election Code, an objector's petition to New Jersey offices is filed with the NJDOE. The New Jersey Office of Administrative Law ("OAL") then conducts a hearing on the objector's petition against specifically listed candidates on the New Jersey ballot and delivers an Initial Decision. Lt. Governor/Secretary of State will then Adopt, Modify or Reject the Initial Decision and prepare a Final Decision.  A copy of the Final Decision will be emailed to all parties. The Final Decision is reviewable by the Superior Court of New Jersey, Appellate Division. N.J.S.A. Title 19.

10.     On August 5, 2024, the OAL convened a hearing to reviewing objections to the Nomination Papers submitted by the 14 Elector Candidates raised in the Objectors' Petition captioned *New Jersey State Democratic Party v. Shiva Ayyadurai,* STE 10482-24.  The NJDOE delegated its authority to a hearing officer at the OAL, as is

its practice. The Hearing Officer presides over all aspects of the proceeding for the purpose of receiving evidence and issuing a recommendation to the NJSOS upon completion of the presentation.

15. At all times relevant to this action, all Defendants were engaged in state action and acting under color of state law.

16. Defendants are being sued in their official capacities for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as for costs and attorney's fees under 42 U.S.C. § 1988(b).

## Jurisdiction

17. Jurisdiction in this case is predicated on 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4) this being a case arising under the Constitution of the United States and 42 U.S.C. § 1983 and 1988.

## Venue

18. Venue is proper in this District under 28 U.S.C. 1391(b) because Defendants have an office and regularly convene every meeting in New Jersey.

## Relevant Facts

20. New Jersey classifies general-election candidates into three groups: those affiliated with an 'established' political party, those affiliated with a 'new' political party, and those running as independents.

21.     Concerning the appointment of Electors of the President and Vice President of the United States, the U.S. Constitution creates and defines the **Electoral College as the <u>(only) process by which each state's Electors</u> vote by ballot to elect the President and Vice President of the United States, as follows:**

The executive Power shall be vested in a President of the United States of America. He shall hold his Office during the Term of four Years, and, together with the Vice President, chosen for the same Term, be elected, as follows

Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector.

The Electors shall meet in their respective States, and vote by Ballot for two Persons, of whom one at least shall not be an Inhabitant of the same State with themselves. And they shall make a List of all the Persons voted for, and of the Number of Votes for each; which List they shall sign and certify, and transmit sealed to the Seat of the Government of the United States, directed to the President of the Senate. The President of the Senate shall, in the Presence of the Senate and House of Representatives, open all the Certificates, and the Votes shall then be counted. The Person having the greatest Number of Votes shall be the President, if such Number be a Majority of the whole Number of Electors appointed; and if there be more than one who have such Majority, and have an equal Number of Votes, then the House of Representatives shall immediately choose by Ballot one of them for President; and if no Person have a Majority, then from the five highest on the List the said House shall in like Manner choose the President. But in choosing the President, the Votes shall be taken by States, the Representation from each State having one Vote; A quorum for this Purpose shall consist of a Member or Members from two thirds of the States, and a Majority of all the States shall be necessary to a Choice. In every Case, after the Choice of the President, the Person having the greatest Number of Votes of the Electors shall be the Vice President. But if there should remain two or more who have equal Votes, the Senate shall chuse from them by Ballot the Vice President.

The Congress may determine the Time of choosing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States.

22.     No state may add qualifications beyond those stated in the U.S. Constitution for ballot eligibility of New Jersey Electors for the President and Vice President of the United States, and may not directly or indirectly infringe upon federal constitutional protections; see e.g., *United States Term Limits, Inc. v. Thornton*, 514 U.S. 779, 827, 115 S.Ct. 1842, 1866 (1995).

23.     On July 11, 2024, Plaintiffs and 14 Elector Candidates jointly submitted 1,294 signatures of New Jersey voters to qualify the 14 Elector Candidates as New Jersey independent Electors at the November 5, 2024 general election; the 14 Elector Candidates submitted nomination papers specifically for the U.S. Constitutionally defined office of "Elector of President and Vice President of the United States." U.S. Const. Art. II, Sec. 1.

24.     The New Jersey Election Code requires the submission of at least 800 signatures in the aggregate from New Jersey voters. N.J.S.A. 19:13-5.

> The petition shall be signed by legally qualified voters of this State.... when the nomination is for an office to be filled by the voters of the entire State eight hundred signatures in the aggregate for each candidate nominated in the petition shall be sufficient.

25.     On August 1, 2024, The New Jersey State Democratic Committee, was identified as objector who filed an objector's petition against pledged independent presidential candidate Dr. Shiva Ayyadurai ("Dr.SHIVA").  Please see objector's petition in the OAL Proceeding *New Jersey Democratic State Committee v. Shiva Ayyadurai,* STE 10482-24 ("Objectors' Petition"):

August 1, 2024

**VIA ELECTRONIC MAIL**
Ms. Donna Barber, Acting Director
New Jersey Division of Elections
225 West State Street, 5th Floor
Trenton, New Jersey 08608

Re: *New Jersey Democratic State Committee v. Shiva Ayyadurai*

Dear Acting Director Barber:

Kindly accept this letter on behalf of the New Jersey Democratic State Committee and Kinnari Joseph-Badger, calling for the rejection of a petition for nomination as candidate for President of the United States filed by Shiva Ayyadurai.

As the Division is aware, the Constitution of the United States requires that the President of the United States be either a Citizen of the United States at the time of the adoption of the Constitution or a natural born citizen. *U.S Const. Art. II, Section 1, Clause 5*. The term "natural born citizen" is understood to be defined as an individual who was a citizen of the United States at birth and who did not need to go through a naturalization process later in life.

In addition to his own public statements, the United States District Court for the District of Columbia made an express finding that Dr. Ayyadurai "became a naturalized American citizen in November 1983." *Ayyadurai v. Garland,* 2024 WL 2015287 (D.D.C, May 7, 2024). It appears that this finding is based on an admission by Dr. Ayyadurai in that matter. As such, because Dr. Ayyadurai is not a natural born citizen he is not qualified to appear on New Jersey's November 2024 general election ballot as a candidate for President of the United States.

Thank you for your consideration of this objection.

Respectfully,

**PEM LAW LLP**

_s/ Rajiv D. Parikh_

RAJIV D. PARIKH

c: New Jersey Democratic State Committee (via electronic mail)

26.     Pledged independent presidential elector candidates Dr. Shiva Ayyadurai is a resident and voter in the State of Massachusetts, and pledged independent Vice-Presidential candidate, Crystal Ellis is a resident and voter in the State of Nebraska (together "Pledged Candidates").

27.     The Objector's Petition requests that the NJDOE issue a decision addressing Pledged Candidate Dr. Shiva Ayyadurai.

28.     However, by operation of the U.S. Constitution and the New Jersey Election Code, the offices of President and Vice President of the United States **have never been offices filled (or voted for) by New Jersey voters at the general election**. See U.S. Constitution, Art. II. As the New Jersey Election Code NJSA 19:14-8.1 states (with emphasis added):

Ballots for presidential electors

**When Presidential Electors are to be elected, their names shall not be printed upon the ballot**, either paper or voting machine, but in lieu thereof, the names of the candidates of their respective parties or political bodies for President and Vice-President of the United States shall be printed together in pairs under the title "Presidential Electors for." **All ballots marked for the candidates for President and Vice-President of a party or political body, shall be counted as votes for each candidate for Presidential Elector of such party or political body.**

29.     The Objector's Petition did not name Plaintiffs, or any of the 14 Elector Candidates as Respondent candidates in the Objectors' Petition, and the Objector's Petition does not include any factual allegations directed at Plaintiffs or the 14 Elector Candidates, nor does it seek a decision of the NJDOE or NJSOS directed at the 14 Elector Candidates' ballot eligibility.

30.     The Objectors' Petition did not seek the removal of the 14 Elector Candidates or otherwise challenge the ballot eligibility of the 14 Elector Candidates at the November 5, 2024 general election ballot for the federal office of "Electors for President and Vice President of the United States." US Const., Art. 2 Sect. 1. NJSA 19:3-5.

31.     Pledged Candidate Dr. Shiva Ayyadurai disputed the subject matter jurisdiction of the Electoral Board and disputed personal jurisdiction over the 14 Elector Candidates who were not named or served with a copy of the Objectors' Petition.

32.     The Pledged Candidate Dr. SHIVA presented at the OAL hearing on or about August 5, 2024; later in his Emergent Appeal Application to the Superior Court of the New Jersey Judiciary Appellate Division on or about August 13, 2024; and, finally in his Emergent Appeal Application to the New Jersey Supreme Court on or about August 16, 2024 challenging jurisdiction because actual candidates for President and VP are not offices that New Jersey voters will be electing on November 5, 2024, and the NJDOE lacks subject matter and personal jurisdiction over the Nomination Papers filed by the 14 Elector Candidates, who are the actual candidates that New Jersey voters will be voting for on November 5, 2024.

33.     On August 16, 2024 the New Jersey Supreme Court denied the Pledged Candidate's request to hear his response that the Defendants do not have statutorily created subject matter or personal jurisdiction to remove Elector Candidates from the ballot.


### The Objectors Named the Wrong Parties + Seek Relief Beyond the Statutory Authority of the NJDOE and NJSOS

38.     By operation of the New Jersey Election Code, an objector's petition may only be filed within 4 business days of the last date for filing candidate nomination papers; since the last date for independent candidates to file nomination papers for the November 5, 2024 general election was July 29, 2024, the deadline for

an objector's petition was August 2, 2024, and no objector petitions are permitted to be filed after passage of this 4 business-day period. NJSA 19:13-10.

39.     The Election Code does not authorize an objector to amend or supplement an objector's petition after it is filed, thus strictly enforcing the 4-business day filing period. NJSA 19:13-10.

40.     Objector named the wrong party in their Objector's Petition; specifically, they named the Pledged Candidate who is neither a New Jersey resident nor seeking office to be elected by New Jersey voters on November 5, 2024, nor within the authority of the NJDOE or NJSOS to be removed from the ballot, or within the authority of the NJDOE or NJSOS to be denied ballot certification, since these offices are not certified to the ballot by the NJDOE or NJSOS.

41.     The New Jersey Election Code, defines the offices voted upon by New Jersey voters in general elections in even numbered years, and states in part as follows NJSA 19:14-8 (emphasis added) :

> **NJSA 19:14-8.** Such titles of office shall be arranged in the following order:
> **Electors of President and Vice President of the United States.**
> * * *

42.     Section NJSA 19:14-8 of the New Jersey Election Code does not include the office of "President of the United States" or "Vice President of the United States" as offices for which New Jersey voters vote at a general election, and logically, such an office could not be added to the New Jersey Election Code or to the New Jersey ballot because the U.S. Constitution preempts New Jersey law regarding the election of President and Vice President of the United States. U.S. Const., Art. 2, Sect. 1.

43.     By operation of the U.S. Constitution, Article 2 Section 1 Clause 2, and the New Jersey Election Code, New Jersey voters elect their Electors for President and Vice President of the United States; thereafter, those Electors that are elected at the general election proceed to vote by ballot in the Electoral College. Thus, it is the Electors that elect the President and Vice President of the United States through a separate ballot.  See https://www.archives.gov/electoral-college.

44.     The election of **Electors** for the President and Vice President (rather than any potential pledged candidates) is confirmed by the New Jersey Election Code, which states:

> **N.J.S.A. 19:13-9 Presidential and Vice Presidential Electors - Time of Election.**
> [A]ll petitions and acceptances thereof nominating electors of candidates for President and Vice President of the United States, which candidates have not been nominated at a convention of a political party as defined by this Title, shall be filed with the Secretary of State before 4:00 p.m. of the 99th day preceding the general election in this Title provided.

45.     The New Jersey Election Code, applies to election authorities and defines the process for the printing of ballots and the counting of votes for Electors (emphasis added) as follows (emphasis added):

> **NJSA 19:14-8.1 Ballots for Presidential Electors**:
> [ * * * ]
>
> When Presidential Electors are to be elected, **their names shall not be printed upon the ballot,** either paper or voting machine, but **in lieu thereof, the names of the candidates of their respective parties or political bodies for President and Vice-President of the United States shall be printed together in pairs under the title "Presidential Electors for."** All ballots marked for the candidates for President and Vice-President of a party or political body, **shall be counted as votes for each candidate for Presidential Elector** of such party or political body.

46.     Therefore, by operation of the New Jersey Election Code, Elector Candidates' "**names shall <u>not</u> be printed upon the ballot**, either paper or voting machine, but **<u>in lieu thereof, the names of the candidates of their respective parties or political bodies for President and Vice-President of the United States shall be printed together in pairs under the title "Presidential Electors for"</u>** and that a vote for any such pledged candidates for President and Vice President "**<u>shall be counted as votes for each candidate for Presidential Elector</u>**" confirming that New Jersey voters are voting for and electing the State's Electors, and that such a vote for a Presidential and Vice Presidential (pledged) candidate shall not be deemed and taken as a direct vote for such candidates for President and Vice-President. NJSA 19:14-8.1.

47.     Thus, New Jersey voters do not nominate or elect their candidates for President or Vice President, as confirmed by recent events[1]; pledged Presidential and Vice-Presidential candidates are not ballot-eligible in New Jersey nor are they voted upon by voters in <u>any</u> state, including New Jersey.

48.     Political party convention delegates are the ballot eligible candidates elected at a party's primary election; thereafter, established political party Electors

---

[1]     Recent events are illustrative. Donald Trump's **delegates** were elected at the Republican primary (without a VP being identified), and Joe Biden's **delegates** were elected at the Democratic Party primary (also without a VP being identified). Candidates for President however were <u>not</u> nominated at either party's primary election. After strategic considerations by the DNC, Joe Biden announced on July 21, 2024 that he would not seek re-election, and Kamala Harris then announced her intent to seek the Democratic nomination as their Presidential candidate without declaring her VP candidate. Donald Trump was then rumored to be considering replacing his Vice President who was announced at the Republican convention.

(selected at each convention and certified pursuant to New Jersey Election) **alongside** independent (and new political party) Electors are the only ballot eligible candidates that are voted upon by New Jersey voters at the November 5, 2024 general election in relation to the offices of President and Vice President of the United States.

<u>Count I</u>
Declaratory Judgment No Subject Matter Jurisdiction
Over Pledged Candidates

1-48. Plaintiff repeats and restates Par. 1-48 above as if fully stated herein.

49.     The NJDOE is one of many statutorily-created electoral boards with jurisdiction limited to a review of specifically stated candidate nomination papers as follows:

> The officer with whom the original petition was filed shall in the first instance pass upon the validity of such objection in a summary way unless an order shall be made in the matter by a court of competent jurisdiction and for this purpose such officer shall have power to subpoena witnesses and take testimony or depositions. He shall file his determination in writing in his office on or before the ninth day after the last day for the filing of petitions, which determination shall be open for public inspection. NJSA 19:13-11

50.     Furthermore, NJSA 19:13-11 of the Election Code specifically states (emphasis added) for offices of President and Vice President of the United States "In the case of petitions **nominating electors of candidates for President and Vice President of the United States, which candidates have not been nominated at a convention of a political party as defined by this Title**, the Secretary of State shall file his or her determination in writing in his or her office on or before the 93rd day before the general election, which determination shall be open for public inspection."

51. Therefore, NJSA 19:13-11 does not allow the NJDOE to oversee objections to the offices of President and Vice President because these two U.S. Constitutionally-created offices are filled by the Electors voting a separate ballot at the Electoral College, and are not defined in the Election Code as offices filled by New Jersey voters at the general election. NJSA 19:14-8.1

52. The NJDOE and OAL proceedings against Pledged Candidate, Dr. Shiva Ayyadurai, were done without any statutory authority derived from the New Jersey Election Code as the U.S Constitution preempts such a bold request by objectors to remove a pledged US Presidential candidate who is beyond the jurisdiction of the New Jersey Election Code. NJSA 19:13-10, NJSA 19:13-11.

54. The NJDOE thus lacks subject matter jurisdiction over the Objectors' Petition that was filed against Pledged Candidates Dr. Shiva Ayyadurai, since such offices are not within their scope, and the New Jersey Election Code extends no jurisdiction over the Electoral College ballots or voting process, nor over potential future candidates for President and Vice President of the United States that are elected by Electors voting ballots at the Electoral College. U.S. Const., Art. II, Sec. 1. NJSA 19:13-10, NJSA 19:13-11.

55. The NJDOE also lacks subject matter jurisdiction over the Objector's Petition that was filed against Pledged Candidate, Dr. Shiva Ayyadurai, since these U.S Constitutional offices are not offices that are filled at the general election or elected by voters at the general election.

56. In addition, the NJDOE lacks subject matter jurisdiction over Objectors' petition because the relief requested is not within the authority of the NJDOE to enter. By operation of the Election Code, the NJDOE can only issue

decisions regarding offices sought by New Jersey residents upon the New Jersey ballot. The Pledged Candidates that are not New Jersey residents or voted upon through a ballot cast in New Jersey cannot be removed from a ballot they were not part of in the first place.

57. The names of pledged candidates for President and Vice President are printed upon the ballot to simplify and shorten the ballot, in lieu of the names of the candidates for Electors of President and Vice President of the United States.

58. The Election Code expressly confirms that a vote for the names of the President and Vice President that are printed by election authorities upon the ballot shall not be taken as a direct vote for such candidates for President and Vice-President, or either of them, but shall only be deemed and taken to be a vote for the entire list or set of electors and alternate electors chosen by that political party or group. NJSA 19:14-8.1.

59. The Defendants have based their decision to remove Plaintiffs and the 14 Elector Candidates based on processing an Objector's Petition that is defective, which is burdening Plaintiffs' and 14 Elector Candidates' resources and costing hundreds of hours of legal and volunteer efforts.

60. By deferring the jurisdictional determination, while removing from the ballot the 14 Elector Candidates, the Defendants are violating the rights guaranteed to the Plaintiffs and all 14 Elector candidates by the First and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C. § 1983.

61. The Defendant's decision to ignore and defer the threshold jurisdictional issue directly damages, obstructs, and harms the ability of the Plaintiffs

and all 14 Elector candidates to promote their campaign platform, to pursue their policy positions, and to promote their pledged candidates prior to the November 5, 2024 general election; the processing of this defective objection, without proper jurisdiction, has resulted in their being removed from the New Jersey ballot which deters endorsements and fundraising.

62.     Plaintiffs also further harmed because they cannot secure judicial review of any adverse decision by the NJDOE in the circuit court because they are not parties to the NJDOE proceeding.

63.     The Plaintiffs enjoy First Amendment protected ballot access rights – Plaintiffs as candidates, petition circulators, and petition signers - who wish to exercise their First Amendment ballot access rights to support the candidates of their choice, and see their Elector Candidates voted upon at the general election.

64.     The Defendants' actions as alleged herein are reckless, willful, arbitrary, and/or capricious thus jeopardizing Plaintiffs' and the 14  Elector Candidates' First Amendment right to petition voters; Defendants are directly obstructing Plaintiffs' right to associate as Electors with a political campaign and to elect the 14  Elector Candidates, and directly jeopardizing the First Amendment rights of all voters that signed the 14 Elector Candidates' petitions for their right to nominate and to vote for Electors of their choice at the November 5, 2024 general election.

65.     Defendants have taken Elector Candidates off the New Jersey ballot based on NJDOE proceeding with reckless disregard for Plaintiffs' and all 14 Elector Candidates' rights to due process and in derogation of their rights to equal protection under the law.

66.     By allowing the NJDOE Proceeding to have taken place, the NJDOE impermissibly extended its jurisdiction over the nomination papers for the 14 Elector candidates through some unknown and unstated authority to remove Pledged Candidates (and all 14 Elector candidates) from the November 5, 2024 general election ballot.

67.     A real and actual controversy exists between the parties.

68.     Plaintiffs and the equally situated 14 Elector Candidates have no adequate remedy at law, or through the NJDOE Proceeding that took place without their being parties to such proceedings, other than this action pursuant to 42 U.S.C. § 1983 for declaratory and equitable relief.

69.     Plaintiffs and the 14 Elector candidates are suffering irreparable harm as a result of the violations complained of herein, since they are not named parties to the NJDOE Proceeding, but are being subjected to a being taken off the ballot without due process.

70.     Since the NJSOS made its Final Decision and NJDOE continued its proceedings without addressing the NJDOE's jurisdiction over the pending Objector's Petition, the Plaintiffs and the 14 Elector Candidates are losing valuable time before the election, and will not have the ability to obtain a decision regarding the NJDOE's jurisdiction, after which election authorities will place their ballot orders to print ballots, and commence mailing overseas and military ballots in September, with vote by mail ballots going out thereafter.

71.     A declaration of the Plaintiffs' rights and NJDOE's subject matter jurisdiction on an expedited basis would be in the public interest and would assist Plantiffs, Defendants, and all New Jersey voters, and would provide guidance to the

Defendants in their official capacities as the NJDOE and NJSOS for the NJDOE Proceeding and for future objector petitions filed against pledged candidates for the offices of President and/or Vice President, rather than against the New Jersey residents who are the Electors for whom New Jersey voters will be voting at the general election on November 5, 2024.

WHEREFORE, Plaintiffs Pro Se, respectfully request entry of a declaratory judgment as follows:

    (1)  Assume original jurisdiction over this case;

    (2)  Issue a temporary restraining order and/or preliminary injunction as follows:

        (a) directing the NJSOS/NJDOE to nullify the Final Decision of the NJDOE Proceeding for lack of subject matter jurisdiction;

        (b) permanently enjoining Defendants from removing Plantiffs and the 14 Elector Candidates from November 5, 2024 general election ballot for the offices of independent Electors for President and Vice President of the United States;

        (c) directing Defendants to certify all 14 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

    (3)    Issue a declaratory judgment consistent with foregoing preliminary injunction that the NJDOE did not have statutory authority for the NJDOE Proceeding nor subject matter jurisdiction to remove pledged candidates for President and Vice President from the New Jersey general election ballot;

(4)    Issue a permanent injunction consistent with foregoing declaratory judgment, and preliminary and permanent injunctions;

(5)    Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)    Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

## Count II
### Declaratory Judgment – in the alternative No Personal Jurisdiction Over Plaintiffs or 14 Elector Candidates

1-71.    Plaintiff repeats and restates Par. 1-71 above as if fully stated herein.

The 14 Elector Candidates are the New Jersey residents that submitted nomination papers as independent Electors for President and Vice President of the United States for the November 5, 2024 general election, and it is their nomination papers that were reviewed by the NJDOE for compliance with the Election Code.

72.    The 14 Elector candidates are not named as candidates or respondents in the Objector's Petition at the NJDOE No. STE 10482-24.

73.    The 14 Elector Candidates were not served with a copy of the Objector's Petition or any other notice of proceedings against them or against their candidate nomination papers by the NJDOE/NJSOS.

74.    The Election Code requires the NJDOE/NJSOS to serve a copy of the objector's  petition upon each New Jersey candidate against whom an Objector's petition was filed as stated in NJSA 19:13-10 in part (emphasis added) as follows:

> Every petition of nomination in apparent conformity with the provisions of this Title shall be deemed to be valid, unless objection thereto be duly made in writing and filed with the officer with whom the original petition was filed not later than 4:00 p.m. of the fourth day

after the last day for filing of petitions. **If such objection is made, notice thereof signed by such officer shall forthwith be mailed to the candidate who may be affected thereby, <u>addressed to the candidate at the candidate's place of residence</u> as given in the petition of nomination.**

75.     The NJDOE/NJSOS did not at any time ensure such objection being **"mailed to the candidate who may be affected thereby, <u>addressed to the candidate at the candidate's place of residence</u> as given in the petition of nomination"** as required by NJSA 19:13-10.

76.     The NJDOE in reviewing the nomination papers of Plaintiffs  as a candidate for Elector for President and Vice President of the United States, and the nomination papers of the 14  Elector Candidates, did so without notice or due process provided to each of the 14  Elector Candidates as mandated by NJSA 19:13-10.

77.     The NJDOE has not addressed the NJDOE's failure to serve a copy of the Objector's Petition upon the 14  Elector Candidates, or the NJDOE's failure to acquire personal jurisdiction over the 14  Elector Candidates who are the actual New Jersey residents and candidates seeking ballot access at the November 5, 2024 general election.

78.     The NJDEO has already reviewed the 14  Elector Candidates' nomination papers and has removed the 14 Elector Candidates from the ballot without notice and an opportunity to respond provided to each of them.

79.     Plaintiffs and the 14 Elector Candidates are not represented in the NJDOE Proceeding, and they have not been named as parties in that proceeding; objectors have not alleged facts directed at the 14 Elector Candidates but are

proceeding to challenge the voter signatures on the 14 Elector Candidates'
nomination papers all the same.

80.     The NJDOE has not acquired personal jurisdiction over the 14 Elector
Candidates who are the New Jersey residents and candidates that are identified
upon the nomination paper that the NJDOE is currently reviewing in its NJDOE
Proceeding No. STE 10482-24.

81.     [It is indeed a well-settled principle of law that concepts of due process
apply to administrative hearings, and the parties are guaranteed the right to a fair
and impartial tribunal.

82.     Fundamental fairness and due process are being denied to Plaintiffs
as a voter, petition circulator, and candidate for independent Elector desiring to see
Electors of their choice including the 14  Elector candidates being ballot qualified
and eligible to be voted upon at the general election; and denied to the 1,294
petition signers that signed the 14 Elector Candidates' nomination papers and seek
the right to associate, nominate, and vote for the 14  Elector Candidates as their
candidates at the November 5, 2024 general election ballot.

WHEREFORE, Plaintiffs, through their attorneys, respectfully request entry
of a declaratory judgment as follows:

(1)     Assume original jurisdiction over this case;

(2)     Issue a temporary restraining order and/or preliminary injunction as
follows:

      (a) directing the NJSOS/NJDOE to nullify the NJDOE Proceeding No.
          STE 10482-24 for lack of personal jurisdiction over the 14 Elector
          Candidates and their nomination papers;

(b) permanently enjoining Defendants from removing Plaintiffs and the 14 Elector Candidates based on the decision from the NJDOE Proceeding No. STE 10482-24;

(c) directing Defendants to certify all 14 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

(3)     Issue a declaratory judgment consistent with foregoing preliminary injunction that the NJDOE does not have statutory authority to create subject matter jurisdiction over objection petition seeking to remove pledged candidates for President and Vice President from the general election ballot;

(4)     Issue a permanent injunction consistent with foregoing declaratory judgment and preliminary injunction;

(5)     Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)     Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

**Count III Declaratory Judgment – in the alternative**
**Defective Objector's Petition Divests NJDOE of Subject**
**Matter Jurisdiction Over 14 Elector Candidates**

1-82.   Plaintiff repeats and restates Par. 1-82 above as if fully stated herein.

83.     The New Jersey Election Code only applies to the election of New Jersey candidates that are voted upon by New Jersey voters at the New Jersey general election.

84.     An New Jersey voter may file an Objector's petition against an New Jersey candidates' nomination papers for an New Jersey election only if the objector is a registered voter in the same district or political division as the objector.

85.     Objectors in NJDOE Proceeding No. STE 10482-24 have not filed an Objector's petition against the 14 Elector Candidates, have not fully stated the nature of any objection against the 14 Elector Candidates, and have not alleged facts that are directed at the 14 Elector Candidates' nomination papers.

86.     All allegations in the NJDOE Proceeding are directed at Pledged Candidates and seek the removal of Pledged Candidates from the New Jersey general election ballot; however, Objectors are not Electors or have any standing to raise objections to Pledged Candidates that are elected through Electoral College ballot voting, not through an New Jersey ballot.

87.     The NJDOE thus did not acquire subject matter jurisdiction over the nomination papers of the 14 Elector Candidates as the New Jersey residents desiring ballot access at the New Jersey general election.

88.     Absent a proper objection from a duly qualified objector that named the correct New Jersey residents that seek placement upon the New Jersey ballot as New Jersey's candidates for Electors for the President and Vice President of the United States at the November 5, 2024 general election ballot, the 14 Elector Candidates' nomination papers are presumed valid.

89.     Without a proper Objector's petition, the NJDOE lacks subject matter jurisdiction over Plaintiffs and the 14 Elector Candidates' nomination papers; the NJDOE had no statutory authority to undertake its own *sua sponte* investigation or

review of any candidate's nomination papers, including those filed by the 14 Elector Candidates.

90.     Without subject matter jurisdiction being established, the NJDOE is without statutory authority to undertake an NJDOE proceeding to review the 14 Elector Candidates' nomination papers, and such a proceeding is in derogation of the Election Code, and Plaintiffs' First and Fourteenth Amendment rights.

91.     The NJDOE has ignored and/or refused to recognize that the Objector's petition does not seek relief against New Jersey residents as named candidates but instead the NJDOE seeks to extended New Jersey Election laws beyond the State's territorial boundaries, by continuing the NJDOE Proceeding against the Pledged Candidates, who are not residents or voters in New Jersey, and who are not New Jersey candidates for whom New Jersey voters will be voting at the November 5, 2024 general election to fill offices defined by the New Jersey Election Code at general elections.

92.     The NJDOE has already reviewed and taken adverse action against the 14 Elector Candidates' nomination papers remove them off the New Jersey ballot without a proper Objector's petition filed against any New Jersey residents or New Jersey voters that are seeking ballot placement upon an New Jersey ballot.

93.     By agreeing with the NJDOE Proceeding based upon an Objector's petition that is legally and factually insufficient and defective because it does not name New Jersey residents seeking ballot placement on an New Jersey ballot or seek relief against actual New Jersey residents on the New Jersey ballot, the NJDOE is denying fundamental fairness and due process to Plaintiffs and all 14 Elector Candidates.

WHEREFORE, Plaintiffs, through their attorneys, respectfully request entry of a declaratory judgment as follows:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction as follows:

   (a) directing the ISBE/NJDOE to nullify the NJDOE Proceeding No. STE 10482-24 because the Objector's Petition is legally and factually insufficient to confer subject matter jurisdiction over the nomination papers submitted by the 14 Elector Candidates;

   (b) permanently enjoining Defendants from removing Elector Candidates from the New Jersey ballot based on decision from the NJDOE Proceeding No. STE 10482-24;

   (c) directing Defendants to certify all 14 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

(3) Issue a declaratory judgment consistent with foregoing preliminary injunction that the NJDOE lacks subject matter jurisdiction over the 14 Elector Candidates' nomination papers because the Objector's Petition is legally and factually insufficient and defective;

(4) Issue a permanent injunction consistent with foregoing declaratory judgment and preliminary injunction;

(5) Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)     Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

Respectfully submitted:

By:     /s/Roseanna A. Sias
            Plaintiff Pro Se

By:     /s/ Eileen L. McMenamin
            Plaintiff Pro Se

By:     /s/ Basilia Tsikentzoglou
            Plaintiff Pro Se

By:     /s/ Paul Testa
            Plaintiff Pro Se

By:     /s/ John C. Wong
            Plaintiff Pro Se

Dated: August 26, 2024

Roseanna A. Sias
 1239 Whitaker Ave.
Millville, NJ  08332
staff@hasjschool.org   609-805-2548

John C. Wong
158 Wayne St.
Jersey City, NJ  07302
johnwong2006@gmail.com  732-836-8508

Eileen L. McMenamin
211-A So. 10th Ave.
Highland Park, NJ  08904
eileenmc53@gmail.com  732-896-4664

Basilia Tsikentzoglou
276 4th Street,
Jersey City, NJ  07302
basiliat@yahoo.com  201-936-8961

Paul Testa
649 Windsor Ave
Maple Shade, NJ  08052
paul.testa@yahoo.com  856-520-5795

## Certificate of Service

We, the Plaintiffs Pro Se, certify that on August 26, 2024 we electronically filed this document with the Clerk of the Court via email, and have separately served a copy of this filing upon the Defendants shown below via email delivery to:

**New Jersey Secretary of State** c/o: Lt.Governor Tahesha Way via Email: Tahesha.Way@sos.nj.gov

**New Jersey Division of Elections and Acting Director of NJDOE Donna Barber** c/o: Donna Barber via Email: Donna.barber@sos.nj.gov

/s/Roseanna A. Sias
Plaintiff Pro Se

/s/ Eileen L. McMenamin
Plaintiff Pro Se

/s/ Basilia Tsikentzoglou
Plaintiff Pro Se

/s/ Paul Testa
Plaintiff Pro Se

/s/ John C. Wong
Plaintiff Pro Se

## Verification pursuant to 28 U.S.C. § 1746

The undersigned, ROSEANNE A. SIAS, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By : *Roseanne A. Sias*

Date: 8/25/24

## Verification pursuant to 28 U.S.C. 1746

The undersigned, EILEEN L. MCMENAMIN, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By: *Eileen McMenamin*

e: 8/25/2024          Date:

## Verification pursuant to 28 U.S.C. § 1746

The undersigned, BASILIA TSIKENTZOGLOU, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By: *Basilia Tsikentzoglou*

Date: 8 - 25 - 24

*The undersigned*, PAUL TESTA, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By : *Paul J Testa*

Date: _____ AUG 25th 2024

The undersigned, JOHN C. WONG, declares and verifies under penalty of perjury under the laws of the United State of America that the facts contained in the foregoing Verified Complaint are true and correct.

By : *John C Wong*

Date: 8/25/2024