# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Roseanna A. Sias,<br>Eileen L. McMenamin,<br>Basilia Tsikentzoglou,<br>Paul Testa, and<br>John C. Wong,<br>        Plaintiffs,<br>        *v.*<br><br>NEW JERSEY SECRETARY OF STATE<br>Tahesha Way, in her official capacity as Lt.<br>Governor and Secretary of State the State of<br>New Jersey;<br><br>NEW JERSEY DIVISION OF ELECTIONS;<br>Donna Barber, in her official capacity as<br>Acting Director for the New Jersey Division<br>of Elections,<br><br>        *Defendants.* | Civil Action No. _ |

## **Emergency Motion For Temporary Restraining Order<br>and Preliminary Injunction**

Plaintiffs Pro Se Roseanne A. Sias, Eileen L. McMenamin, Basilia Tsikentzoglou, Paul Testa, and John C. Wong respectfully request entry of a temporary restraining order and preliminary injunction against Defendants, to enjoin them from removing Plaintiffs and nine (9) other independent presidential elector candidates (hereinafter collectively referred to as "Elector Candidates") from the New Jersey Ballot for the November 5, 2024 General Election because the Defendants do not have statutorily created subject matter or personal jurisdiction to do so. All Elector Candidates are registered voters; have attained the age of 25; have been United States Citizen for at least seven years; will be residents of New Jersey on Election Day; and, met and

1

exceeded every requirement demanded of them by the New Jersey Election Code ("Election Code") in completing their Nomination Papers to become bona fide Elector Candidates. Plaintiffs are being harmed because they are not parties to the Defendants' review of their Nomination Papers and the Defendants' subsequent rulings and defective conclusions resulting in Elector Candidates' being removed from the New Jersey ballot as candidates for the Office of Elector. Shortly, election authorities will order the printing of paper ballots, and commence mailing overseas and military ballots in September. The Plaintiffs had no recourse through New Jersey Office of Administrative Law (OAL) or the New Jersey Appellate Division or the New Jersey Supreme Court, since they were not parties to the underlying action taken by Defendants against their Nomination Papers submitted as Elector Candidates for the November 5, 2024 general election.

## Introduction

Plaintiffs filed a verified complaint respectfully requesting entry of judgment and other relief pursuant to 42 U.S.C. § 1983 against Defendants NEW JERSEY SECRETARY OF STATE ("NJSOS") Lt. Governor Tahesha Way in her official capacity, and the NEW JERSEY DIVISION OF ELECTIONS ("NJDOE") and its Acting Director Donna Barber, in her official capacity at the NJDOE, and in support state as follows.

Plaintiffs Pro Se are New Jersey voters, Elector Candidates, petition signers, and circulators for the Elector Candidates. Plaintiffs have exercised their First Amendment right to associate and nominate candidates of their choice to be able to vote for their candidates at the November 5, 2024 general election. Plaintiffs seek to

preserve their First and Fourteenth Amendment rights which are being denied by the Defendants. Plaintiffs respectfully request that this Honorable Court enter a temporary restraining order and preliminary injunction restraining order pursuant to Federal Rules of Civil Procedure, Rule 65(a) and (b), enjoining Defendants from printing ballots without including the Elector Candidates and enter a decision regarding Elector Candidates' Nomination Papers, which have never been in dispute.

Plaintiffs seek relief because Defendants are proceeding to remove their names from the ballot (a) without personal jurisdiction over the Plaintiffs and the Elector Candidates; (b) without subject matter jurisdiction over the Nomination Papers filed by Plaintiffs and the Elector Candidates; and, (c) allowing the New Jersey State Democratic Party's ("Objector's'") petition to proceed against the Elector Candidates' pledged candidates for President and Vice President of the United States without subject matter jurisdiction over such an Objector's petition. The ongoing proceedings attacking Plaintiffs' and Elector Candidates' Nomination Petitions were undertaken in derogation of Plaintiffs' First Amendment ballot access rights, and their Fourteenth Amendment rights to due process and equal protection.

A. **Relevant facts from Plaintiffs' Verified Complaint**

On July 11, 2024 Plaintiffs and the Elector Candidates jointly submitted 1,294 signatures on Nomination Papers, of which 1,284 were certified and accepted by the NJDOE, to qualify the 14 Elector Candidates as New Jersey's independent presidential elector candidates at the November 5, 2024 general election in New Jersey for the Office of Elector, as follows:

| | 2024 GENERAL ELECTION – ELECTORS OF PRESIDENT & VICE PRESIDENT | | |
|---|---|---|---|
| **Name** | **Residence Address** | **City** | **Email Address** |
| 1. Roseanna A Sias | 1239 Whitaker Ave | Millville | staff@hasjschool.org |
| 2. Dennis E Sias | 1239 Whitaker Ave | Millville | bigd@hasjschool.org |
| 3. John C Wong | 158 Wayne St | Jersey City | johnwong2006@gmail.com |
| 4. Eileen L McMenamin | 211-A So. 10th Ave | Highland Park | eileenmc53@gmail.com |
| 5. Basilia Tsikentzoglou | 276 4th Street | Jersey City | basiliat@yahoo.com |
| 6. Paul Testa | 649 Windsor Ave | Maple Shade | paul.testa@yahoo.com |
| 7. Jessica A Coco | 320 Jackson St. Apt 194 | Hoboken | jessicacoco5000@yahoo.com |
| 8. David B Hungerford | 10 Crestmont Blvd | Montclair | db.hungerford@gmail.com |
| 9. Constance Nagle | 7 Pine Tree Lane | Morris Twsp | nightsky950@verizon.net |
| 10. Janet M Lupo | 7 Dartmouth Way | North Brunswick Twsp | jang2324@optonline.net |
| 11. Thelma Cerone-O'Brien | 1253 Kay Drive East | Cherry Hill | beachblock123@gmail.com |
| 12. Cynthia A Cunha | 44 Moreau Ave | Freehold Twsp | zcunha07728@yahoo.com |
| 13. May N Chambers | 64 Haddon Ave | Gibbsboro Borough | l-sell-homes@msn.com |
| 14. Christina R Vassallo | 4190 Marlyn Ave | Newfield | christinavassallo77@gmail.com |

EACH elector must sign an Oath of Allegiance, Affirmation of Allegiance or Declaration of Allegiance and a Certificate of Acceptance (separate sheets provided).

The Plaintiffs and Elector Candidates gathered signatures from New Jersey voters for ballot placement for the US Constitutionally defined office of "Elector of President and Vice President of the United States." US Const. Art. II, Sec. 1. On August 1, 2024, The New Jersey State Democratic Committee, are identified as Objectors who filed an Objector's petition against pledged independent presidential candidate Dr. Shiva Ayyadurai ("Dr.SHIVA"). Please see objector's petition in the OAL Proceeding *New Jersey Democratic State Committee v. Shiva Ayyadurai,* STE 10482-24 ("Objector's Petition") which is incorporated in Verified Complaint.

Pledged independent presidential elector candidates Dr. Shiva Ayyadurai is a resident and voter in the State of Massachusetts, and pledged independent Vice-Presidential candidate, Crystal Ellis is a resident and voter in the State of Nebraska (together "Pledged Candidates").

4

The Objector's Petition requests that the NJDOE issue a decision addressing Pledged Candidates, as follows:

> August 1, 2024
>
> **VIA ELECTRONIC MAIL**
> Ms. Donna Barber, Acting Director
> New Jersey Division of Elections
> 225 West State Street, 5th Floor
> Trenton, New Jersey 08608
>
> Re: *New Jersey Democratic State Committee v. Shiva Ayyadurai*
>
> Dear Acting Director Barber:
>
> Kindly accept this letter on behalf of the New Jersey Democratic State Committee and Kinnari Joseph-Badger, calling for the rejection of a petition for nomination as candidate for President of the United States filed by Shiva Ayyadurai.
>
> As the Division is aware, the Constitution of the United States requires that the President of the United States be either a Citizen of the United States at the time of the adoption of the Constitution or a natural born citizen. *U.S Const. Art. II, Section 1, Clause 5*. The term "natural born citizen" is understood to be defined as an individual who was a citizen of the United States at birth and who did not need to go through a naturalization process later in life.
>
> In addition to his own public statements, the United States District Court for the District of Columbia made an express finding that Dr. Ayyadurai "became a naturalized American citizen in November 1983." *Ayyadurai v. Garland*, 2024 WL 2015287 (D.D.C, May 7, 2024). It appears that this finding is based on an admission by Dr. Ayyadurai in that matter. As such, because Dr. Ayyadurai is not a natural born citizen he is not qualified to appear on New Jersey's November 2024 general election ballot as a candidate for President of the United States.
>
> Thank you for your consideration of this objection.
>
> Respectfully,
>
> PEM LAW LLP
>
> s/ Rajiv D. Parikh
>
> RAJIV D. PARIKH
>
> c: New Jersey Democratic State Committee (via electronic mail)

New Jersey voters do not vote for or elect the offices of President or Vice President of the United States at the New Jersey general election on November 5, 2024 by application of the US Constitution, Art. II, Sec. 1 and the New Jersey Election Code NJSA 19:14-8.1. New Jersey voters vote for, and select their state Elector candidates.

The Objector's Petition did not name Plaintiffs or any of the other Elector Candidates as Respondents in the Objector's Petition, and the Objector's Petition does not include any factual allegations directed at Plaintiffs or the other Elector Candidates nor seek a decision of the NJDOE directed at the 14 Electors Candidates' ballot eligibility.

The Objector's Petition did not seek the removal of the 14 Elector Candidates from the New Jersey ballot, or otherwise challenge the ballot eligibility of the 14 Elector Candidates at the November 5, 2024 general election ballot for the federal office of "Electors for President and Vice President of the United States." US Const., Art. 2 Sect. 1 and the New Jersey Election Code.

Pledged Candidate Dr. Shiva Ayyadurai disputed the subject matter jurisdiction of the Electoral Board and disputed personal jurisdiction over the 14 Elector Candidates who were not named or served with a copy of the Objector's Petition.

The Pledged Candidate Dr. SHIVA presented at the OAL hearing on or about August 5, 2024; later in his Emergent Appeal Application to the Superior Court of the New Jersey Judiciary Appellate Division on or about August 13, 2024; and, finally in his Emergent Appeal Application to the New Jersey Supreme Court on or about August 16, 2024 challenging jurisdiction because actual candidates for President and VP are not offices that New Jersey voters will be electing on November 5, 2024, and the NJDOE lacks subject matter and personal jurisdiction over the Nomination Papers filed by the 14 Elector Candidates, who are the actual candidates that New Jersey voters will be voting for on November 5, 2024.

On August 16, 2024 the New Jersey Supreme Court denied the Pledged Candidate's request to hear his response that the Defendants do not have statutorily created subject matter or personal jurisdiction to remove Elector Candidates from the ballot.

B. <u>Standard for preliminary injunction.</u>

Plaintiffs are entitled to a preliminary injunction if "(A) they are likely to succeed on the merits of their claims, (B) they are likely to suffer irreparable harm without relief, (C) the balance of harms favors them, and (D) relief is in the public interest." *Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 131 (3d Cir. 2017).* To establish a likelihood of success in this circuit, "the movant need only prove a 'prima facie case,' not a 'certainty' she'll win." *Id.; see also id.* ("We do not require that the right to a final decision after trial be 'wholly without doubt'; the movant need only show a 'reasonable probability' of success.")

Plaintiffs have met the requirements for injunctive relief, as they have no adequate remedy at law for denial of their First Amendment right to associate and nominate the candidates of their choice, and their right to vote for their candidates at the general election. There is no cost or burden involved to the Defendants, but rather, State funds would be saved by curtailing a proceeding that is not otherwise authorized by the Election Code. The balancing of harms also weighs heavily in favor of Plaintiffs, and based upon the provisions of the Election Code, they are likely to prevail upon the merits.

C. <u>Injunctive relief requested.</u>

Plaintiffs respectfully request that this Honorable Court enjoin the

Defendants from removing the Plaintiffs and the 14 other Elector Candidates from the New Jersey Ballot for the November 5, 2024 General Election, for the duration of this litigation, and for all other relief this Court deems just.

Plaintiff Pro Se Sias certifies that Defendants have received the Plaintiffs' Verified Complaint and this Motion. Plaintiffs are also serving each Defendant with summons and complaint on an expedited basis via email

Wherefore, Plaintiffs, for the foregoing reasons respectfully request entry of a preliminary injunction enjoining Defendants from proceeding with removal of Plaintiffs and the 9 other Elector Candidates based upon the defenctive Objector's petition filed at the NJDOE OAL proceeding captioned *New Jersey Democratic State Committee v. Shiva Ayyadurai,* STE 10482-24 ("NJDOE proceeding"), and any other relief that is just and appropriate and/or agreed to between the parties, to protect Plaintiffs' First and Fourteenth Amendment rights.

                              Respectfully submitted:

                    By:     /s/Roseanna A. Sias
                              Plaintiff Pro Se

                    By:   /s/ Eileen L. McMenamin
                              Plaintiff Pro Se

                    By:   /s/ Basilia Tsikentzoglou
                              Plaintiff Pro Se

                    By:     /s/ Paul Testa
                              Plaintiff Pro Se

                    By:     /s/ John C. Wong
                              Plaintiff Pro Se

Dated: August 26, 2024

Roseanna A. Sias
 1239 Whitaker Ave.
Millville, NJ  08332
staff@hasjschool.org   609-805-2548

John C. Wong
158 Wayne St.
Jersey City, NJ  07302
johnwong2006@gmail.com  732-836-8508

Eileen L. McMenamin
211-A So. 10th Ave.
Highland Park, NJ  08904
eileenmc53@gmail.com  732-896-4664

Basilia Tsikentzoglou
276 4th Street,
Jersey City, NJ  07302
basiliat@yahoo.com   201-936-8961

Paul Testa
649 Windsor Ave
Maple Shade, NJ  08052
paul.testa@yahoo.com  856-520-5795

## Certificate of Service

We, the Plaintiffs Pro Se, certify that on August 26, 2024 we electronically filed this document with the Clerk of the Court via email, and have separately served a copy of this filing upon the Defendants shown below via email delivery to:

**New Jersey Secretary of State** c/o: Lt.Governor Tahesha Way via Email: Tahesha.Way@sos.nj.gov

**New Jersey Division of Elections and Acting Director of NJDOE Donna Barber** c/o: Donna Barber via Email: Donna.barber@sos.nj.gov

/s/Roseanna A. Sias
Plaintiff Pro Se

/s/ Eileen L. McMenamin
Plaintiff Pro Se

/s/ Basilia Tsikentzoglou
Plaintiff Pro Se

/s/ Paul Testa
Plaintiff Pro Se

/s/ John C. Wong
Plaintiff Pro Se