**Exhibit A**

STATE OF NEW JERSEY
DEPARTMENT OF STATE
OFFICE OF THE SECRETARY OF STATE

| | |
|---|---|
| NEW JERSEY DEMOCRATIC<br>STATE COMMITTEE )<br>)<br>   PETITIONER, )<br>)<br>)<br>)<br>   v. )<br>)<br>)<br>SHIVA AYYADURAI, )<br>)<br>   RESPONDENT. ) | FINAL DECISION<br><br>OAL DOCKET NO.<br>STE 10482-24 |

     This matter involves a challenge by Petitioner New Jersey Democratic State Committee to the petition ("Petition") filed by Respondent Shiva Ayyadurai, nominating electors for himself as an independent candidate on the November 5, 2024 General Election ballot for the office of President of the United States. Petitioner challenges Ayyadurai's eligibility to run for the office of President, and be placed on the November 5, 2024 General Election ballot, contending that he does not meet the federal Constitutional requirement found in Article 2, Section 1, that a person must be a "natural born Citizen" to serve as President. For the reasons set forth herein, the Initial Decision of Administrative Law Judge ("ALJ") William Cooper is adopted.

     On or before July 29, 2024, Respondent filed his Petition with the Division of Elections. By letter, dated March 30, 2023, Petitioner filed written objections to Respondent's Petition. On August 1, 2024, the Division transmitted the matter to the Office of Administrative Law for a hearing as a contested case.

     A hearing was held on August 5, 2024, before ALJ Cooper, at which time a representative for

Petitioner and Respondent appeared. On August 6, 2024, after hearing oral argument from both parties, ALJ Cooper issued an Initial Decision.

Finding that Respondent was "not born in the United States, was not born to a United States citizen, and he freely admits that he immigrated to the United States and went through a naturalization process in 1983[,]" ALJ Cooper concluded that Respondent is not a natural born citizen and thus not eligible to hold the office of the President. Initial Decision at 3-4. Id. at 4. ALJ Cooper next analyzed whether Respondent's ineligibility to hold the office of the President prohibited him from appearing on the ballot as an independent candidate. Id. ALJ Cooper concluded that while a candidate does not have to prove eligibility when submitting a nominating petition, once such petition is challenged, the candidate has to establish his eligibility to remain on the ballot. Id. at 5. Further, ALJ Cooper rejected Respondent's argument that Donald J. Trump v. Norma Anderson, 601 U.S. 100 (2024) precludes states from ruling on who may or may not appear on the ballot for the office of the President, concluding that the Trump decision only applied to challenges under Section 3 of the Fourteenth Amendment. Id. at 5-6. Accordingly, ALJ Cooper held Respondent's Petition is invalid and that Respondent's name should not appear on the General Election ballot. Id. at 6.

ALJ Cooper's Initial Decision and the record were received by this office on August 6, 2024. Respondent filed exceptions on August 7, 2024. He asserts that: 1) ALJ Cooper conflated eligibility to assume the office of President with eligibility to run as a candidate for President; 2) this office has previously allowed candidates who were ineligible to serve as President onto the presidential ballot; 3) the 5th and 14th Amendments prohibit excluding Respondent from the ballot on the basis of national origin; 4) Trump v. Anderson prohibits states from denying ballot access for federal office; and 5) ballot access is a non-justiciable political question. Respondent's Exceptions, generally.

Under N.J.S.A. 19:13-10, nominating petitions in "apparent conformity" with Title 19 are

deemed valid unless an objection to the petition is raised. As nominating petitions are deemed presumptively valid, it is the burden of the individual raising an objection to the petition to show that such a petition is not in conformity with Title 19. See also Roundtree v. Republican Candidates of LD 1, 2, 8, and 9, 2015 N.J. AGEN LEXIS 270 at *9-10 (April 8, 2015) (noting that an individual objecting "to a nominating petition 'seeks to enforce law governing the election process and, therefore, bears the burden of proof of facts essential to [his or] her claim by the preponderance (the greater weight) of the competent and credible evidence.'" (quoting Allen v. Wahner, 2001 N.J. AGEN LEXIS 1467 at *10-11 (July 16, 2001)); Challenging a Candidate's Petition, New Jersey Department of State, Division of Elections, https://www.nj.gov/state/elections/candidate-petition-challenge.shtml (last visited May 17, 2024) (stating "[i]n all challenges, the objector has the burden of proving that a petition is invalid.").

Further, "[t]he nomination of any person to any public office may be challenged on the ground that the incumbent is not eligible for office at the time of the election." Purpura, et al. v. Obama, STE 04534-12, 2012 N.J. AGEN LEXIS 179, at *4 (NJ OAL Apr. 10, 2012). Further, "at least at the time that the petition is filed with the Secretary of State, there is no obligation upon the person indorsed to prove his or her qualification for the office," but "once a petition is filed, . . . a party believing that the indorsed individual is not qualified can file a challenge on the grounds of ineligibility." Id. at *8. In this instance, Petitioner argues that Respondent is ineligible for the office of President of the United States because he is not a natural born citizen of the United States.

Pursuant to Article II, Section 1 of the United States Constitution, "[n]o Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President. . . ." Leading constitutional scholars agree that "the phrase 'natural born Citizen' has a specific meaning: namely, someone who was a U.S. citizen at birth with no need to go through a naturalization proceeding at some later time." Paul

3

Exhibit A

Clement and Neal Katyal, "On the Meaning of 'Natural Born Citizen,'" 128 Harv. L. Rev. 161 (2015). As such, an individual must be born in the U.S. or born to U.S. citizen parents abroad. Ibid.

Attempts to circumvent the natural born citizen requirement of Article II, Section 1 have been uniformly rejected across the country. See Hassan v. Colorado, 495 Fed. Appx. 947 (10th Cir. Sep. 4, 2012) (affirming magistrate judge's finding that "the Fourteenth Amendment did not affect the validity of Article II's distinction between natural-born and naturalized citizens"); Hassan v. FEC, 893 F. Supp. 2d 248, 256-57 (D.D.C. Sep. 28, 2012) (rejecting the argument that the "natural born citizen requirement has been implicitly repealed by the Fifth and Fourteenth Amendments"); Hassan v. New Hampshire, 2012 U.S. Dist. LEXIS 15094 (D.N.H. Feb. 8, 2012) (holding same); Hassan v. Montana, 2012 U.S. Dist. LEXIS 188196 (D. Mont. May 3, 2012) (holding same); Hassan v. Iowa, 2012 U.S. Dist. LEXIS 188213 (S.D. Iowa April 26, 2012) (holding same);see also Pereira v. Fed. Gov't of United States, 2023 U.S. Dist. LEXIS 78700, at *4 (D.N.J. May 4, 2023) (rejecting a naturalized citizen's asserted right to run for President, noting "[i]t would be extraordinary for a district court to declare the Constitution itself to be unconstitutional . . . [t]he only recourse, then, would appear to be a Constitutional amendment.").

"As interpreter and enforcer of the words of the Constitution," a court is "not empowered to strike the document's text on the basis that it is offensive to itself or is in some way internally inconsistent." Hassan v. FEC, 893 F. Supp. 2d at 257 (quoting New v. Pelosi, U.S. Dist. LEXIS 87447, at *2 (S.D.N.Y. Oct. 29, 2008)). So too, as the Chief Elections Officer in the State, I am only empowered to enforce the federal and state constitutions and our state's election laws. Under the federal constitution, Respondent is plainly ineligible to serve as President.

Respondent's citation to Trump v. Anderson, 601 U.S. 100 (2024), is similarly unavailing and was correctly rejected by ALJ Cooper. Respondent asserts that Trump v. Anderson stands for the proposition that states may not rule on who may or may not appear on the ballot for the office of

President. This is incorrect. As noted by ALJ Cooper, <u>Trump v. Anderson</u> answered the question of whether states, as opposed to Congress, have authority to enforce Section 3 of the Fourteenth Amendment. 601 U.S. at 110. The U.S. Supreme Court held that the "responsibility for enforcing Section 3 against federal officeholders and candidates rests with Congress and not the States." <u>Id.</u> at 117.

The present petition challenge is not based upon Section 3 of the Fourteenth Amendment, but rather Article II, Section 1, an entirely different constitutional provision that has regularly been enforced by states with the approval of several federal courts. See e.g., <u>Hassan v. Colorado</u>, 495 Fed. App'x. at 948 ("[W]e expressly affirm here, a state's legitimate interest in protecting the integrity and practical functioning of the political process permits it to exclude from the ballot candidates who are constitutionally prohibited from assuming office."); <u>Hassan v. Montana</u>, 2012 U.S. Dist. LEXIS 188196, *1-2 (rejecting the plaintiff's argument that "the Montana Secretary of State [] wrongfully denied him the opportunity to appear on Montana's election ballot as a candidate for President of the United States because he is a naturalized citizen of this country"); <u>Hassan v. New Hampshire</u>, 2012 U.S. Dist. LEXIS, at *10 (holding "New Hampshire's state laws requiring all presidential candidates to affirm that they are natural born citizens are constitutional"); <u>Hassan v. Iowa</u>, 2012 U.S. Dist. LEXIS 188213, at *1, *13-*18 (upholding a similar statutory scheme). New Jersey has also traditionally enforced the natural-born-citizen requirement for President through petition challenges and administrative processes. See, e.g., <u>Williams v. Cruz</u>, STE 05018-16, Final Decision (April 13, 2016); <u>Purpura v. Obama</u>, STE 04534-23, Final Decision (April 12, 2012).

To the extent there are other arguments asserted in the exceptions, which having been considered, I find that they do not warrant additional discussion. I therefore adopt ALJ Cooper's findings as to those issues.

After full consideration of the record, I hereby adopt ALJ Cooper's Initial Decision in its

Exhibit A

entirety and reject Respondent's Petition nominating electors for himself as an independent candidate for the office of President of the United States on the November 5, 2025 General Election ballot.

IT IS SO ORDERED,

_____
TAHESHA WAY
SECRETARY OF STATE

DATED: August 7, 2024