Exhibit B



# State of New Jersey
OFFICE OF ADMINISTRATIVE LAW

**INITIAL DECISION**
OAL DKT. NO. STE 10482-24
AGENCY DKT. NO. N/A

**NEW JERSEY DEMOCRATIC
STATE COMMITTEE**,

    Petitioner,

        v.

**SHIVA AYYADURAI,**

    Respondent.

_____

    **Rajiv D. Parikh,** Esq., for petitioner (Genova Burns, LLC, attorneys)

    **Shiva Ayyadurai,** respondent, pro se

Record Closed:  August 5, 2024,               Decided:  August 6, 2024

BEFORE **WILLIAM T. COOPER III**, ALJ:

## STATEMENT OF THE CASE

    This is a challenge by petitioner, the New Jersey Democratic State Committee (NJDSC or petitioner), to the validity of the nominating petition for the 2024 General Election filed by respondent Dr. Shiva Ayyadurai (Dr. Ayyadurai or respondent) to become an independent candidate for the Office of the President of the United States (President). Petitioner contends that respondent is not a natural born citizen and as such cannot

appear on the ballot for that office. Respondent argues that the Fourteenth Amendment guarantees his right to appear on the ballot and that only Congress can remove his name.

## PROCEDURAL HISTORY

The respondent timely filed a nominating petition containing the required number of signatures with the Department of State, Division of Elections, in Trenton, New Jersey. By letter dated August 1, 2024, the petitioner filed a written objection to the validity of the petition. Petitioner concedes there are no procedural defects to the nominating petition. However, because respondent is not a natural born citizen, petitioner argues that respondent is not qualified to appear on New Jersey's November 2024 general election ballot as a candidate for President of the United States.

On August 1, 2024, the Director of the Division of Elections delivered the file to the Office of Administrative Law (OAL) for hearing as a contested case. The parties were contacted by the Division of Elections and advised that a hearing would be held on Monday, August 5, 2024, at 10:00 a.m. The petitioner requested an adjournment due to a prior commitment to appear before the Presidential Emergency Board hearings beginning at 9:00 a.m. on August 5, 6, and 7, 2024.

On August 2, 2024, a telephone conference was conducted to determine an appropriate date and time to conduct a hearing. The parties agreed to conduct the hearing on August 5, 2024, at 4:30 p.m. A hearing was conducted on that date, and the record closed.

## FACTUAL DISCUSSION

Dr. Ayyadurai is running as an independent candidate for the upcoming 2024 presidential election. The NJDSC has called for the rejection of respondent's nominating petition on the basis of ineligibility. Specifically, it argues that in addition to respondent's own public statements, a decision from the District of Columbia "made an express finding that Dr. Ayyadurai 'became a naturalized American citizen in November 1983.'" See Letter on behalf of NJDSC (August 1, 2024). Because the Constitution of the United

2

States requires the President be either a Citizen of the United States at the time of the adoption of the Constitution or a natural born citizen, petitioner argues that because respondent was naturalized later in life, he is not a natural born citizen, and therefore he is ineligible to appear on the 2024 general election ballot as a candidate for President.

Dr. Ayyadurai freely admits that he is not a "natural-born citizen," and that he immigrated to the United States and became a naturalized citizen in November 1983. Dr. Ayyadurai argues that the State of New Jersey is without the authority to remove a candidate for the office of President from the ballot.

Accordingly, **I FIND** that respondent Dr. Shiva Ayyadurai is not a natural born citizen.

## LEGAL DISCUSSION

In order to run for president, there is a constitutional requirement that a person be a "natural born Citizen" in order to serve as President of the United States. U.S.C.S. Const., Art. II, § 1, Cl 5 states:

> No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any Person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.

The definition of natural born citizen has not been defined as per the Constitution and has not been addressed by the United States Supreme Court. There have been a small number of cases that address it, and the most binding on the OAL is a decision from 2016, written by the Honorable Administrative Law Judge (ALJ) Jeff Masin; See Victor Williams v. Ted Cruz, STE 05018-16, Final Decision, adopted (April 13, 2016) https://njlaw.rutgers.edu/collections/oal/final/ste05016-16_1.pdf.

In Judge Masin's decision, he goes through a thorough history of the definition of "natural born citizen" as well as different schools of thought on how to define it. In sum,

the consensus is that a natural born citizen is someone who was a United States citizen at birth, with no need to go through a naturalization proceeding at some later time. Judge Masin's decision revolved around the eligibility of Ted Cruz as a candidate, who was born in Canada, but his mother was a US citizen. Thus, because his mother was a citizen at the time of his birth, Cruz was also considered a US citizen and did not need to go through a naturalization process later in life, despite being born abroad. Because of that, he was found eligible as a presidential candidate.

Here, the respondent's situation is different from Cruz's situation. Respondent was not born in the United States, was not born to a United States citizen, and he freely admits that he immigrated to the United States and went through a naturalization process in 1983. Given the general consensus on the definition of a natural born citizen, respondent does not fall underneath the category, and thus, cannot qualify for the office of president.

Having found that Dr. Shiva is not a natural born citizen, accordingly, **I CONCLUDE** that he is ineligible to hold the office of President.

The next issue to be determined is whether an ineligible candidate for President can still appear on the ballot as an independent if their nominating petition is in conformity with the provisions of Title 19.

While there are no specific regulations or case law that address the issue, the way that other cases have treated this issue leads to the conclusion that an ineligible candidate for president should not be on the ballot. As per another case decided by ALJ Judge Masin, the nomination of any person to any public office may be challenged on the ground that the incumbent is not eligible for office at the time of the election. Nicholas Purpura and Theodore Moran v. Barack Obama, STE 04543-12, Final Decision, adopted (April 12, 2012). Here, while respondent is not an incumbent, the same principle applies, whereas his nomination to president may be challenged on the ground that he is not eligible for office at the time of the election. Respondent's citizenship status is not going to change before the November 2024 election. However, that proposition only states that the nomination *may* be challenged on that ground.

In the same decision, Judge Masin reasoned that there appears to be no affirmative requirement that a person endorsed in a nominating petition for presidency needs to present any other proof that he is qualified for office. However, once a petition is filed, a party believing that the endorsed individual is not qualified can file a challenge on the grounds of ineligibility.

In other words, a candidate does not have to prove eligibility prior to the nominating petition unless there is a challenge on the grounds of ineligibility, which happened in the instant matter. Respondent did not have to prove his eligibility prior to the challenge. However, now that there is a challenge, it follows that he needs to prove his eligibility, and since he cannot, he should not be placed on the ballot. Also, it is logical that someone who is ineligible to be president cannot be on the presidential ballot, even as an independent.

Dr. Ayyadurai cited <u>Donald J. Trump v. Norma Anderson</u> 601 U.S. 100 (2024), for the proposition that the 'political question doctrine' precludes states from ruling on who may or may not appear on the ballot for the office of President. His reliance on this case is misplaced. The issue in that case was whether the states, in addition to Congress, may also enforce Section 3 of the Fourteenth Amendment. That section reads as follows:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.
>
> [U.S.C.S. Const. Amend. 14 § 3.]

The Supreme Court determined that individual states have no power under the Constitution to enforce Section 3 of the Fourteenth Amendment. The Supreme Court's reasoning for this conclusion was that a state-by-state enforcement of the question

5

whether Section 3 bars a particular candidate for President from serving would be unlikely to yield a uniform answer consistent with the basic principles that the President represents all voters in the nation. The Supreme Court held only that, states "have no power to enforce Section 3 with respect to federal offices, especially the President." Thus, the decision only applies to challenges under Section 3, which is not at issue here.

Accordingly, since respondent is not eligible to hold office for the President of the United States, I **CONCLUDE** that he is not eligible to be on the ballot either.

## CONCLUSION

Because respondent, Dr. Shiva Ayyadurai is not a "natural-born citizen," as required by the Constitution of the United States, his name should not appear on the ballot for the 2024 General Election for the office of the United States President.

## ORDER

I **ORDER** that the petitioner's challenge of respondent's nomination petition to be a candidate for President of the United States be **GRANTED**, and I **ORDER** that the respondent Dr. Shiva Ayyadurai be excluded from the ballot for the 2024 General Election for the office of the United States President.

I hereby **FILE** my initial decision with the **SECRETARY OF STATE** for consideration.

This recommended decision may be adopted, modified or rejected by the **SECRETARY OF STATE**, who by law is authorized to make a final decision in this matter. If the Secretary of State does not adopt, modify or reject this decision within forty-five days and unless such time limit is otherwise extended, this recommended decision shall become a final decision in accordance with N.J.S.A. 52:14B-10.

Any party may file exceptions with the **DIRECTOR OF THE DIVISION OF ELECTIONS**, **DEPARTMENT OF STATE**, by facsimile transmission at (609) 777-1280 within two hours of receipt of the initial decision. A hard copy shall be mailed within twenty-four hours of the facsimile transmission to the **DIRECTOR OF THE DIVISION OF ELECTIONS, DEPARTMENT OF STATE, 225 West State Street, 5th Floor, PO Box 304, Trenton, New Jersey 08625-0304**, marked "Attention: Exceptions." A copy of any exceptions must be sent to the judge and to the other parties.

<u>August 6, 2024</u>
DATE                                       **WILLIAM T. COOPER III**, ALJ

Date Received at Agency:

Date Mailed to Parties:

WWTC/am