# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Roseanna A. Sias,<br>Eileen L. McMenamin,<br>Basilia Tsikentzoglou,<br>Paul Testa, and<br>John C. Wong,<br>    *Plaintiffs*,<br>     *v.*<br><br>NEW JERSEY SECRETARY OF STATE<br>Tahesha Way, in her official capacity as Lt.<br>Governor and Secretary of State the State of<br>New Jersey;<br><br>NEW JERSEY DIVISION OF ELECTIONS;<br>Donna Barber, in her official capacity as<br>Acting Director for the New Jersey Division<br>of Elections,<br><br>    *Defendants.* | Civil Action No.<br>3:24–CV–08747–MAS–RLS |

## PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS-MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT

Pursuant to Plaintiff Pro Se Eileen L. McMenamin discussion with Clerk of this honorable court on or about 9:50 AM on October 2, 2024, Plaintiffs Roseanna A. Sias, Eileen L. McMenamin, Basilia Tsikentzoglou, Paul Testa, and John C. Wong, respectfully file this sur-reply response to Defendants' Reply to Plaintiffs' Opposition to Defendants' Cross-Motion to Dismiss Plaintiffs' Verified Complaint.

The Defendants' reply to Plaintiffs opposition asserts two (2) points:

1) "Plaintiffs' Claims Are Precluded;" and,
2) "The Secretary Was Authorized to Reject Plaintiffs' Nominating Petition."

1

Concerning Defendants' Assertion <u>on (1)</u>, the Defendants make the arguments:

(a) "The Claims in this Matter are Sufficiently Similar to Those Adjudicated in the State Agency Proceeding;" and,

(b) "Plaintiffs are Subject to Nonparty Preclusion Due to the Nature of their Relationship with Ayyadurai."

Concerning Defendants' Assertion <u>on (2)</u>, the Defendants make the arguments:

(a) "[T]he Secretary of State is explicitly authorized, and required, to hear objections to direct nominating petitions for presidential electors;"

(b) The *Hassan* case is the basis for rationalizing the rejection of Plaintiffs' Nomination Papers;

(c) Plaintiffs failed to provide "any context under which such" pledged candidates e.g. Linda Jenness, Larry Holmes, Peta Lindsay, Roger Calero "allegedly gained ballot access."

*(d) Trump v. Anderson* is not relevant at all to this case.

The Defendants' arguments are perfunctory, and assume that by simply restating "BIG LIES" and asserting assumptions of "THIS IS HOW THINGS WORK," the reality of what is in the law or not in the law can be hand-waved away. This court must not, and cannot allow the Defendants to think they can win arguments by conclusory statements.

**DEFENDANTS ARGUMENTS ARE BASED ON A FUNDAMENTAL
DENIAL AND LACK OF RESPECT FOR THE ELECTORAL COLLEGE:
THE PLAINTIFFS <u>ARE "THE CANDIDATES,"</u>
DR.SHIVA IS <u>NOT RUNNING</u> FOR *ANY OFFICE* IN NEW JERSEY**

The Defendants are under the assumption that they can simply wish away the Electoral College. Based on this absurdity and assuming this court will simply forget the fundamental systems architecture of how the United States is organized, they pray that this court will forget and diminish the fact the Plaintiffs, who are bona fide residents of New Jersey, who worked day and night to gather signatures for the Nomination Papers, who are **<u>fully qualified</u>**, and who fulfilled **<u>every obligation</u>** per New Jersey Statutes **<u>are THE CANDIDATES</u>** – the independent presidential Elector Candidates – for the Office of Elector. Dr. Shiva Ayyadurai, "Dr. Shiva" is not "the candidate" for ANY Office in New Jersey. There is no election for the "Office for President" in New Jersey on November 5, 2024. The election in November 5, 2024 is for electing a SLATE of PRESIDENTIAL ELECTORS ("Elector Candidates"), who run for convenience <u>under the label</u> of the name of their "pledged candidate." If that SLATE is elected, then on December 17, 2024, that SLATE may cast their votes for their Pledged Candidate.

**<u>The Plaintiffs do not have to vote for their Pledged Candidate. This reality e.g. "faithless electors" alone demonstrates that the Plaintiffs are independent from the Pledged Candidate.</u>** This is well-established law. The Defendants know it. How else did Kamal Harris, overnight, become the pledged candidate for the presidential electors in the Democratic Party?

3

## PLAINTIFFS AND ELECTOR CANDIDATES FULFILLED EVERY QUALIFICATION AND REQUIREMENT TO BE CANIDATES FOR THE OFFICE OF ELECTOR IN NEW JERSEY

The Defendants' assertions (1) and (2), are a "Hail Mary" attempt to hope this court forgets, pursuant to Title 19, the Plaintiffs and the Elector Candidates, to reiterate, fulfilled EVERY qualification to be Elector Candidates in the State of New Jersey. In fact, the Plaintiffs fulfilled every requirement and <u>exceeded</u> signature requirements to become Elector Candidates for the Office of Elector.

The Defendants have admitted this on multiple occasions.

## USING *HASSAN* IS UTTER NONSENSE AND ONCE AGAIN REVEALS A DISDAIN FOR THE ELECTOR COLLEGE

Reference to *Hassan* reveals an utter disdain for the Electoral College. Can the Defendants show one example, in any State, where Hassan was a bona fide pledged candidate of any slate of Elector Candidates? The answer is no. Hassan was a theoretical candidate kicking the tires on the "natural born" clause. He had not one slate of Elector Candidates who had selected him, in any State, as their Pledged Candidate. Nor did Hassan have any such slate of Elector Candidates ever fulfill any set of State Nomination Papers to be Elector Candidates.

The situation herein is different. In this case, the Plaintiffs went through an arduous and time-consuming process of organizing themselves, finding other Elector Candidates, filing all the paperwork, asserting their First Amendment rights to choose their Pledged Candidate, traversing in the rain and snow to collect

signatures for themselves on Nomination Papers to become bona fide Elector Candidates.

Hassan did not none of that. He simply filed lawsuits, wherein he was never a bona fide pledged candidate, nor did he have any Elector Candidates.  The Plaintiffs are the Elector Candidates.  Comparing Plaintiffs to Hassan is like comparing apples to donkeys.

### LINDA JENNESS, LARRY HOLMES, PETA LINDSAY, ROGER CALERO ARE THE "ELEPHANT IN THE ROOM"

The reality is that New Jersey has a rich history of following the Law and recognizing the Electoral College's existence.  This is why New Jersey allowed *at least* on five occasions the Elector Candidates for "ineligible" Pledge Candidates to be placed on New Jersey's ballot for the Office of Elector. Any law clerk can do the research and discover this in the historical records. Linda Jenness, Larry Holmes, and Peta Lindsay were below the age of 35. They were each allowed on the New Jersey ballot, once each.  Roger Calero was neither born in the United States, never naturalized in the United States, but was a Nicaraguan Citizen. His Elector Candidates were allowed on the New Jersey ballot twice in 2004 and 2008

The Defendants are playing "Mickey the Dunce" to this court by making statements such as they are unaware of the "context under which such" pledged candidates Linda Jenness, Larry Holmes, Peta Lindsay, Roger Calero "allegedly gained ballot access." **There is no *"allegedly"* here.** The Elector Candidates for these "ineligible" pledged candidates DID GAIN access. Period.

5

The context is the same. The Elector Candidates for Linda Jenness, Larry Holmes, Peta Lindsay, Roger Calero, like the Plaintiffs herein, fulfilled all the Title 19 qualifications and the requirements for the Nomination Papers and **were placed on the ballot.**

If there is any difference, the Plaintiffs and Elector Candidates have a massive movement and support for their candidacy in New Jersey. They are not "fringe" or "frivolous" candidates. They pose a real threat to the Elector Candidates for Kamala Harris. The Defendants have violated the First and Fourteenth Amendment rights of the Plaintiffs and the Elector Candidates.

### UTTER RUBBISH & A BIG LIE TO CONFLATE SECRETARY OF STATE'S RIGHT TO "<u>HEAR</u>" OBJECTIONS WITH THE SECRETARY OF STATE'S RIGHT TO KICK OFF ELECTOR CANDIDATES FROM THE BALLOT BY PREMATURE ADJUDCIATION AND ENFORCEMENT OF QUALIFICATIONS FOR HOLDING THE OFFICE OF PRESIDENT<br>*AGAINST* THEIR PLEDGED CANDIDATE

By accepting the Defendants utter rubbish that just because the Secretary of State may have the right to "hear" objections and use such right to kick from the ballot the Elector Candidates **based** on premature adjudication and enforcement of qualifications against their pledged candidate, this court would be supporting nonsense. The fundamental principles of the Elector College and State Legislatures is this: State Legislatures have great latitude in determining their presidential electors; however, such latitude is constrained by Statutes. Otherwise, election officials be it the Secretary of State or some low-level local election official could make up laws to deny ballot access. There are explicit Statutes on how many signatures are required, how many electors are required, what the age and residency

of those electors need to be, how challenges are accepted, etc. Without explicit Statutes as related to the Nomination Papers, election officials are constrained.

There is NO Statute asserting that Elector Candidates can be thrown off the ballot based on their Pledged Candidate not fulfilling his/her qualifications for HOLDING the Office of President.

Where is that Statute? To simply assert this as a right or it being "explicit" when no such Statute exist is what allowed Jim Crow segregation. Moreover, States' prematurely adjudicating and enforcing the qualifications of a Pledged Candidate to hold the office, **against the Elector Candidates** is unconstitutional.

### THE FOUNDATIONAL ELEMENT OF *TRUMP V. ANDERSON*: RUNNING FOR PRESIDENT VERSUS HOLDING THE OFFICE OF PRESIDENT

The Defendants seek to narrowly constrain *Trump v. Anderson* on Section 3 versus the "Natural Born" Clause. That's not the foundational point of that unanimous Court ruling. The foundational point is ANYONE can RUN for the Office of President or for that matter any federal office. States cannot prematurely adjudicate and enforce qualifications to HOLD the Office of President against anyone RUNNING for the Office. If a State were to do so, then that State would be creating extra-Constitutional qualifications that do not exist, and overreaching the U.S. Constitution.

It's that simple. The State of New Jersey had no right whatsoever to do that to the Pledged Candidate. Independent of that, the State applied such premature adjudication and enforcement of the Pledged Candidate's qualifications for HOLDING the Office, **upon the Plaintiffs and Elector Candidates**' Nomination

7

Papers, without ANY Statute. Even if such a Statute existed, which it does not, they cannot do so without violating the First Amendment rights of Plaintiffs and Elector Candidates.

The essence of *Trump v. Anderson* is not about Section 3 versus "natural born" clause, but rather about the "Chinese Wall" between running for the Office and holding the Office. In this case, the Defendants breached two Chinese Walls: one being the premature adjudication and enforcement upon the Pledged Candidate, and two using such prematurity to violate the rights of the Elector Candidates.

## THE PLAINTIFFS AND ELECTOR CANDIDATES ARE INDEPENDENT OF THE PLEDGED CANDIDATE

The Plaintiffs and Elector Candidates are independent of the Pledged Candidate. This is proven by the very fact that they can change who their Pledged Candidate can be. In New Jersey as in other States, the Elector Candidates are in-charge, not their Pledged Candidate. There is no "proxy" relationship. The Elector Candidates can choose to switch their votes for some other Pledged Candidate. This right reflects their independence. There are some States where one cannot do that e.g. faithless electors; however, New Jersey is not one of them.

## THE PLAINTIFFS AND ELECTOR CANDIDATES HAVE A SUBSTANTIALLY DIFFERENT SET OF ARGUMENTS

The Defendants continue their fallacious argument on privity and claims preclusion. There is no privity. This is false since there is there is no privity [of contract/legal] when it comes to First Amendment rights. Defendants have grossly

8

violated the Plaintiffs and Elector Candidates' First Amendment rights (as well as Fourteenth Amendment rights). It is established law, that each of us has a right to assert our own rights. Those rights cannot be bought or sold, transferred or assigned to any other person; otherwise, the two major parties Democrats and Republicans would be buying up everyone's First Amendment rights, and then use them to support their own candidates.

The parties are different. Fundamentally, one cannot sue one party, and then claim judgment applies to another person, just as one person cannot submit Nomination Papers, and later be substituted by someone else. The Defendants adjudicated the lawsuit made by New Jersey Democratic State Committee NEITHER upon the Plaintiffs nor the Elector Candidates. The lawsuit was filed upon Dr. Shiva Ayyadurai, the Pledged Candidate – "*New Jersey Democratic State Committee versus Dr. Shiva Ayyadurai*" - not upon the Plaintiffs nor the Elector Candidates. To reiterate, as Justice Ginsburg noted in her opinion for the unanimous Court (emphasis added): "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in* 2167\*2167 *personam* in a litigation in which he **is not designated as a party or to which he has not been made a party by service of process**." *Hansberry v. Lee,* 311 U.S. 32, 40, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

The Plaintiffs and the Elector Candidates "were not designated as a party" and they were not "a party by service of process." Imagine if the Defendants' patently absurd assertion was accepted by this federal court, then the entire framework of legal standards ceases to exist: judgement upon one person then applies to another person.

9

The claims are different. The Plaintiffs did not bring a constitutional or Sec. 1983 claim in a NJSOS administrative proceeding. The NJSOS is not granted the authority to determine or issue a decision based upon constitutional or Sec. 1983 claims. Are Defendants counsel not aware of this basis jurisprudence? Federal claims are separate and distinct from NJSOS state agency proceeding. There is no jurisdiction for civil rights claims at the NJSOS. The NJSOS is limited to only review of Nomination Papers. The NJOAL and NJSOS proceedings are not court proceedings. Circuit courts (trial courts) are created through a state constitution and are courts of general jurisdiction. Unlike courts of general jurisdiction, where a statute creates subject matter jurisdiction that is not in the common law (i.e. review of nomination papers) then subject matter jurisdiction must be strictly reviewed, and narrowly construed and limited to only the statutory authority defined in the statute.

More specifically, the NJSOS issue with Dr. Shiva had to do with his alleged "ineligibility" to RUN for the Office since he could not HOLD the Office based on the "natural born" clause. The claims herein are not about whether Dr. Shiva is "natural born" or not. The issues herein are:

1) The Elector Candidates are the CANDIDATES;
2) The Elector Candidates are qualified and fulfilled every requirement per Title 19;
3) The Elector Candidates were denied due process;
4) The Elector Candidates' First Amendment and Fourteenth Amendment rights were violated; and,

5) The State of New Jersey put the "cart before the horse" and denied ballot access to the Elector Candidates by prematurely adjudicating and enforcing the qualifications of their Pledged Candidate.

Moreover, even if the claims were exactly the same, which they are not, the Elector Candidates were denied basic due process and are independent of the Pledged Candidate e.g. faithless electors. Finally, the NJSOS indeed has a very limited scope of authority to the Nomination Papers versus this federal court, which the Defendants seem to forget. The extent of NJSOS' authority is constrained by Statutes of the State Legislature. The State has no Statute on allowing an objection or challenged to be enforced upon Elector Candidates based on premature adjudication of their Pledged Candidate.

## CONCLUSION

In summary, Defendants' Reply to Plaintiffs' Opposition is based on conclusory statements and is not founded in Law. The very fact the Defendants remain suspiciously silent on the realty of the history of New Jersey itself <u>allowing</u> independent presidential elector candidates for Pledged candidates, such as Linda Jenness, Larry Holmes, Peta Lindsay, who were <u>all</u> below age 35; and even a Nicaraguan citizen Roger Calero, who was neither a "natural born" nor naturalized U.S. citizen, to be on the ballot, should say everything to this court.

Therefore, for the reasons aforementioned herein, the Defendants Motion to Dismiss must be denied.

Respectfully submitted:

By: /s/Roseanna A. Sias
Plaintiff Pro Se

By: /s/ Eileen L. McMenamin
Plaintiff Pro Se

By: /s/ Basilia Tsikentzoglou
Plaintiff Pro Se

By: /s/ Paul Testa
Plaintiff Pro Se

By: /s/ John C. Wong
Plaintiff Pro Se

Dated: October 2, 2024

Roseanna A. Sias
 1239 Whitaker Ave.
Millville, NJ  08332
staff@hasjschool.org    609-805-2548

John C. Wong
158 Wayne St.
Jersey City, NJ  07302
johnwong2006@gmail.com  732-836-8508

Eileen L. McMenamin
211-A So. 10th Ave.
Highland Park, NJ  08904
eileenmc53@gmail.com  732-896-4664

Basilia Tsikentzoglou
276 4th Street,
Jersey City, NJ  07302
basiliat@yahoo.com  201-936-8961

Paul Testa
649 Windsor Ave
Maple Shade, NJ  08052
paul.testa@yahoo.com  856-520-5795

**Certificate of Service**

We, the Plaintiffs Pro Se, certify that on October 2, 2024 we electronically filed this document with the Clerk of the Court via email, and have separately served a copy of this filing upon the Defendants shown below via email delivery to:

Attorney General of New Jersey: Matthew Platkin via email to

NJAG.ElectronicService.CivilMatters@law.njoag.gov

**New Jersey Secretary of State** c/o: Lt.Governor Tahesha Way via Email: Tahesha.Way@sos.nj.gov

**New Jersey Division of Elections and Acting Director of NJDOE Donna Barber** c/o: Donna Barber via Email: Donna.barber@sos.nj.gov

/s/Roseanna A. Sias
Plaintiff Pro Se

/s/ Eileen L. McMenamin
Plaintiff Pro Se

/s/ Basilia Tsikentzoglou
Plaintiff Pro Se

/s/ Paul Testa
Plaintiff Pro Se

/s/ John C. Wong
Plaintiff Pro Se