UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROSEANNA A. SIAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NEW JERSEY SECRETARY OF STATE TAHESHA WAY, in her official capacity as Lt. Governor and Secretary State of the State of New Jersey, *et al.*, <br><br> Defendants. | Civil Action No. 24-8747 (MAS) (RLS) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon Defendants Tahesha Way, in her official capacity as Secretary of State of New Jersey (the "Secretary of State"); the New Jersey Division of Elections (the "Division of Elections"); and Donna Barber's, in her official capacity as Acting Director for the Division of Elections (the "Acting Director") (collectively, "Defendants") Motion to Dismiss (ECF No. 10) pro se Plaintiffs Roseanna A. Sias, Eileen L. McMenamin, Basilia Tsikentzoglou, Paul Testa, and John C. Wong's (collectively, "Plaintiffs") Complaint (ECF No. 1). Plaintiffs opposed (ECF No. 15), Defendants replied (ECF No. 16), and Plaintiffs filed a sur-reply without leave of the Court (ECF No. 17).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court will stay a decision on the merits of the Motion to Dismiss.

---

[1] While Local Civil Rule 7.1(d)(6) states that "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned," the Court will "consider the sur-reply given Plaintiff's pro se status." *See Ibrahim v. Emrich*, No. 24-1780, 2024 WL 4511982, at *2 (D.N.J. Oct. 17, 2024) (considering a sur-reply filed by a pro se plaintiff because of the procedural flexibility given to pro se litigants).

On August 26, 2024, Plaintiffs filed a three-count Complaint for declaratory and injunctive relief to prevent the Secretary of State, the Division of Elections, and the Acting Director from removing Plaintiffs and nine other Electors of President and Vice President of the United States from the New Jersey ballot for the November 5, 2024 general election. (*See generally* Compl., ECF No. 1.) Alongside the Complaint, Plaintiffs filed a Motion for Preliminary Injunction. (ECF No. 4.) Defendants opposed (ECF No. 10), and Plaintiffs replied (ECF No. 14). On October 16, 2024, this Court denied Plaintiffs' Motion for a Preliminary Injunction. (ECF No. 21.) On November 11, 2024, Plaintiffs filed a notice of appeal (ECF No. 23), which remains ongoing in the United States Court of Appeals for the Third Circuit. *See* No. 24-3125 (3d Cir. 2024).

Given the pending appeal of this Court's order denying a preliminary injunction, the Court will stay a decision on the merits of the Motion to Dismiss until the Third Circuit renders its decision as to Plaintiffs' appeal of its denial of a preliminary injunction. It is well settled that this Court may stay proceedings under appropriate circumstances to control the disposition of the cases on its docket and to advance the interests of economy and effort for itself, counsel, and the litigants. *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The Court, in exercising its discretion as to whether to impose a stay, may consider: "(1) whether a stay will cause undue prejudice to a nonmovant; (2) the status of discovery; and (3) whether a stay will simplify the litigation and promote judicial economy." *Richmond v. Ningbo Hangshun Elec. Co.*, No. 13-1944, 2015 U.S. Dist. LEXIS 125658, at *10 (D.N.J. Sept. 21, 2015) (citing *Cheyney State Coll. Fac. v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983)). As in this case, a stay is also appropriate where the outcome of Plaintiffs' appeal to the Third Circuit would affect the determination of a pending motion, "requiring forbearance on this Court's part to avoid inconsistent rulings" in the same

litigation. *Lewis v. Diaz-Petti*, No. 22-3242, 2023 WL 3508327, at *2 (D.N.J. May 17, 2023) (quoting *MasTec Renewables Constr. Co. v. Mercer Cnty. Improvement Auth.*, No. 15-1897, 2017 WL 6493141, at *5 (D.N.J. Dec. 19, 2017)). In other words, a district court may exercise its sound discretion to hold one lawsuit in abeyance to abide by the outcome of an appeal that may substantially affect the lawsuit, or which may be dispositive of the issues. *Id.* (citing *MasTec Renewables Constr. Co.*, 2017 WL 6493141, at *5); *see also Bechtel Corp.*, 544 F.2d at 1215.

Here, the Court will stay a decision on the merits of Defendants' Motion to Dismiss until the Third Circuit renders a decision on appeal. As to the first two factors to be considered, namely, whether a stay will cause undue prejudice to the movant and the status of the litigation, this case is in its infancy, and no discovery has been completed. *See, e.g., Lewis*, 2023 WL 3508327, at *2. The third factor, promoting judicial economy, similarly favors a stay insofar as critical issues on appeal overlap with Defendants' motion. The Third Circuit's ruling may provide important guidance on the legal issues in this case; specifically, whether Plaintiffs have shown a likelihood of success on the merits of the claims asserted in the Complaint. This Court's ruling on Defendants' motion to dismiss during the appeal could thereby result in inconsistent adjudications. *Id.* (declining to reach the merits of pending motions during an appeal to the Third Circuit where forbearance "by [the] [c]ourt may avoid inconsistent rulings and piecemeal litigation"). In sum, the Court finds that a stay pending appeal of this matter would simplify this litigation, promote judicial economy, and avoid interfering with the orderly administration of Plaintiffs' appeal. *See id.*

IT IS, THEREFORE, on this 11th day of April 2025, **ORDERED** as follows:

1. Defendants' Motion to Dismiss (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

2. This matter is **STAYED**, and the Clerk shall administratively terminate the case pending the Third Circuit's disposition on Plaintiffs' appeal. (COA Docket No. 24-3125.)

3. The parties shall file a notice with the Court within thirty (30) days of the Third Circuit's disposition on appeal.

4. The Clerk of Court shall reopen this matter upon receipt of the parties' notice, and, if warranted, Defendants' Motion to Dismiss may be re-listed at that time.

　　　　　　　　　　　　　　　　　　／s／ Michael A. Shipp
　　　　　　　　　　　　　　　　　　**MICHAEL A. SHIPP**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**