**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROSEANNA A. SIAS, *et al.*,<br><br>                 Plaintiffs,<br><br>     v.<br><br>NEW JERSEY SECRETARY OF STATE TAHESHA WAY, in her official capacity as Lt. Governor and Secretary of the State of New Jersey, *et al.*,<br><br>                 Defendants. | Civil Action No. 24-8747 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Tahesha Way, in her official capacity as Secretary of State of New Jersey ("Secretary of State"), the New Jersey Division of Elections ("Division of Elections"), and Donna Barber's, in her official capacity as Acting Director for the Division of Elections (collectively, "Defendants"), Motion to Dismiss (ECF No. 37) Plaintiffs Roseanna A. Sias, Eileen L. McMenamin, Basilia Tsikentzoglou, Paul Testa, and John C. Wong's (collectively, "Plaintiffs") Complaint (Compl. ECF No. 1). Plaintiffs opposed (Pls.' Opp'n Br., ECF No. 38), and Defendants replied (Defs.' Reply, ECF No. 40). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

The Court only summarizes the allegations and relevant procedural history to the extent necessary to resolve the instant motion.[1] Plaintiffs bring this Complaint pursuant to 42 U.S.C. § 1983 alleging violations of their First and Fourteenth Amendment rights in connection with Defendants' purported unlawful removal from the general election ballot of Plaintiffs and nine other independent presidential elector candidates (collectively, the "Elector Candidates") who:

> filed [n]omination [p]apers to be [e]lectors of the President and Vice President of the United States for pledged independent candidate for President Dr. Shiva Ayyadurai [("Ayyadurai")], who is a resident and voter in the State of Massachusetts, and pledged independent Vice-President candidate, Crystal Ellis, who is a resident and voter in the State of Nebraska . . . to be voted upon at the November 5, 2024 general election.

(Compl. ¶ 1.) Plaintiffs seek "declaratory judgment regarding the jurisdiction of . . . Defendants to take action in relation to Plaintiffs['] [n]omination [p]apers," as well as injunctive relief: (1) nullifying the Secretary of State's final decision on Defendants' objector's petition; and (2) enjoining Defendants from removing the Elector Candidates from the November 5, 2024, ballot through the final decision rendered by the Secretary of State based on proceedings held at the New Jersey Office of Administrative Law. (*Id.* ¶ 3.)

"Under Article III, section 2 of the U[nited ]S[tates] Constitution, federal judicial power extends only to cases or controversies." *United States v. Gov't of V.I.*, 363 F.3d 276, 284 (3d Cir. 2004). As a result, "[i]f a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it." *Id.* at 285 (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-97 (1980)). "[I]t does not matter when the case becomes moot[, as] [t]he

---

[1] For the purpose of considering the instant motion to dismiss, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

requirement that a case or controversy be 'actual [and] ongoing' extends throughout all stages of federal judicial proceedings . . . ." *Rendell v. Rumsfeld*, 484 F.3d 236, 240-41 (3d Cir. 2007) (fourth alteration in original) (quoting *Khodara Env't, Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001)). An exception to the mootness doctrine—the "capable of repetition, yet evading review" exception—however, provides that:

> a court may exercise its jurisdiction and consider the merits of a case that would otherwise be deemed moot when[:] "(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration[;] and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."

*Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

Here, Plaintiffs seek declaratory and injunctive relief in connection with Plaintiffs' nomination papers and the general election ballot for the November 5, 2024, election. (*See generally* Compl.) Specifically, Plaintiffs ask for injunctive relief, including: (1) nullifying the Secretary of State's proceeding and final agency decision regarding the nomination papers *for the 2024 general election ballot*; (2) enjoining Defendants from removing Ayyadurai's elector candidates *from the 2024 general election ballot*; and (3) certifying Ayyadurai's elector candidates *for the 2024 general election ballot*. (*See id.* ¶¶ 71, 82, 93.) Plaintiffs also seek a declaratory judgment that Defendants lacked subject matter jurisdiction over the nomination petition for Ayyadurai's electors *for the 2024 general election ballot*. (*See id.*)

All of Plaintiffs' requested relief relates to the 2024 general election, which happened over a year and a half ago. (*See generally id.*) As a result, Plaintiffs' claims for injunctive relief can no longer be granted and, are therefore, moot. *See, e.g.*, *Gen. Elec. Co. by Levit v. Cathcart*, 980 F.2d 927, 934 (3d Cir. 1992) (finding claim for equitable relief was moot where the relief sought related

to expired terms as that would require the court to "do[] the impossible"). Plaintiffs' requests for declaratory relief are also moot because they relate solely to past conduct and Plaintiffs do not otherwise allege any presently-experienced adverse effects. *See, Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 699 (3d Cir. 1996) ("Past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." (alteration in original) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974))); *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533-34 (3d Cir. 2001) (finding moot a request for declaratory judgment related to a since-passed event); *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 308 (3d Cir. 2020) (noting that "the lack of any continuing injury . . . is precisely what makes this case moot[ and] once that happens, any declaratory judgment would be an advisory opinion").

Plaintiffs argue that their claims satisfy the "capable of repetition, yet evading review" exception to the mootness doctrine. (Pls.' Opp'n Br. 4-5.) "The exception from the mootness doctrine for cases that are technically moot but 'capable of repetition, yet evading review' is narrow and available 'only in exceptional situations.'" *County of Morris*, 273 F.3d at 534 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975)). The Court recognizes that some elections-based claims may meet the "capable of repetition, yet evading review" standard. *See, e.g., Merle v. United States*, 351 F.3d 92, 95 (3d Cir. 2003) (finding that election-related claim was not "moot because it fits within the 'capable of repetition yet evading review' exception" where plaintiff's allegations in his complaint could be construed to mean that he may run again for political office in the future).

4

Here, however, Plaintiffs' claims have already been reviewed.[2] (*See* Oct. 16, 2024, Mem. Op. 12-13, ECF No. 20 (denying Plaintiffs' motion for a preliminary injunction, finding that "Plaintiffs fail to adequately allege a constitutional violation under the First or Fourteenth Amendments"); Oct. 16, 2024, Order, ECF No. 21.) Plaintiffs have also not alleged any facts in their Complaint to suggest the same issue will arise again.[3] (*See generally* Compl.) Moreover, the Court notes that Plaintiffs are not the ones who would be seeking reelection. (*See generally id.*); *Spencer*, 523 U.S. at 17 (noting requirement of "a reasonable expectation that the same complaining party [will] be subject to the same action again" (alteration in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990)); *Conforti v. Hanlon*, No. 20-8267, 2022 WL 1744774, at *11 (D.N.J. May 31, 2022) (noting that the second prong of the "capable of repetition yet evading review" doctrine "is generally satisfied absent express statements that *a plaintiff* would not seek election" (emphasis added) (citing *Merle*, 351 F.3d at 94)). Plaintiffs' claims are therefore

---

[2] State court litigation involving Ayyadurai also addressed the validity of the nomination papers at issue. *See, e.g., N.J. Democratic State Comm. v. Ayyadurai*, Case No. STE-10482-24 (N.J. Super. Ct. App. Div. 2024).

[3] In opposition, Plaintiffs argue that "Ayyadurai is running for the Office of President for 2028, [s]o the Plaintiffs intend to serve again as Elector Candidates, and the same statutory mechanism governs those elections." (Pls.' Opp'n Br. 5.) Plaintiffs, however, cannot use their opposition to amend their Complaint. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (alteration in original) (internal quotation marks and citation omitted)); *see also Wealth v. Fox Rothschild LLP*, No. 23-3194, 2024 WL 3371354, at *6 n.11 (D.N.J. July 11, 2024) ("It is well settled that [p]laintiffs cannot amend their [c]omplaint through an opposition brief." (citation omitted)). Moreover, as the Superior Court of New Jersey recognized, "[Ayyadurai] admitted he is not a 'natural born citizen' of the United States" and he is thus "ineligible to appear on the ballot as a candidate for the office of United States President . . . per the United States Constitution." *N.J. Democratic State Comm. v. Ayyadurai*, Case No. STE-10482-24, Disposition on Appl. for Permission to File Emergent Mot. (N.J. Super. Ct. App. Div. 2024) (citing U.S. Const. art. II, § 1); *Ayyadurai v. N.J. Democratic State Comm.*, 145 S. Ct. 569 (2024) ("Petition for writ of certiorari to the Supreme Court of New Jersey denied.").

contingent on intervening events occurring, including: (1) a separate party, Ayyadurai, opting to run again for election despite not being eligible to do so; and (2) Plaintiffs subsequently choosing to serve as his electors over other candidates. The Court cannot and will not speculate as to a future injury that is so hypothetical in nature because doing so would amount to no more than an advisory opinion. *See Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009) (noting that district court may not render an advisory opinion as "'[t]he duty of [the] court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions . . .'" (alterations in original) (citation omitted)); *Flast v. Cohen*, 392 U.S. 83, 96 n.14 (1968) (noting long-established rule against advisory opinions).

Given these facts, the Court finds that Plaintiffs' claims for injunctive and declaratory relief are moot, and the "capable of repetition, yet evading review" exception does not apply. *See Lauters v. Evnen*, No. 24-3175, 2025 WL 1517998, at *2 (D. Neb. May 28, 2025) ("'Time machines aside,' to order the defendants to place the name of the plaintiffs' chosen candidate on the November 2024 ballot 'would be the very definition of' ineffectual relief. Nor would the requested declaratory relief have any consequence on an election that ended several months ago . . . . This case is moot." (citations omitted)), *aff'd*, No. 25-2245, 2025 WL 3171374 (8th Cir. Nov. 13, 2025).

Based on the foregoing,

**IT IS**, on this _22nd_ day of May 2026, **ORDERED** as follows:

1. Defendants' Motion to Dismiss (ECF No. 37) is **GRANTED**.

2. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED AS MOOT**.

3. The Clerk is directed to close this matter.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE